Jerry GARCIA, et al., Appellants,

v.

MAVERICK COUNTY, et al., Appellees.

No. 04–92–00300–CV.

Court of Appeals of Texas,
San Antonio.

Feb. 24, 1993.

Rehearing Denied April 14, 1993.

Javier Riojas, Texas Rural Legal Aid, Inc., Eagle Pass, for appellants.

Paul W. Green and David Moore, Green, McReynolds & Green, P.C., San Antonio, for appellees.

Before BUTTS, PEEPLES and CARR,[1] JJ.

1. Justice Ron Carr not participating.

## ON APPELLEES' MOTION
## FOR REHEARING

PEEPLES, Justice.

The county's motion for rehearing is granted. Our previous opinion of December 23, 1992, is withdrawn and the following is substituted.

Plaintiffs Garcia, Martinez, and San Miguel appeal from a take-nothing judgment in their suit against Maverick County and three county commissioners for wrongful firing. Plaintiffs claimed that the individual defendants (county commissioners Minton, Flores, and Cerna), acting for the county, fired them for political reasons. They alleged that the firings (1) constituted a bad faith breach of their employment contracts and violated their rights to (2) freedom of speech and (3) due course of law. Plaintiffs pleaded only the Texas Constitution and did not rely on federal statutes or constitutional provisions. Defendants generally denied plaintiffs' allegations, asserted lack of notice, and also asserted as affirmative defenses that various immunities shielded them. After a nonjury trial, the court rendered a take-nothing judgment. In this court, plaintiffs attack the court's failure to find in their favor on each of the three theories. We affirm the judgment.

It is undisputed that in 1987 Maverick County needed to reduce its work force for budget reasons. Garcia worked for the county as an office clerk; Martinez, as a mechanic and shop foreman; San Miguel, as manager of a landfill site. The three employees had completed their probationary periods; they had worked for the county for nine, fourteen, and six years respectively, and were considered permanent employees. The county policy manual states the criteria for reducing the size of the work force:

An employee may be separated when his or her position is abolished, or when there is either lack of funds or lack of work. When reductions in force are necessary, decisions on the individual separations will be made after considering (1) the relative necessity of each position to the organization, (2) the performance record of each employee, and (3) qualification of the employee for remaining positions.

Plaintiffs argue that the majority on commissioners court terminated them and their jobs for political reasons and not for the reasons permitted by the personnel manual. The trial court found that plaintiffs had failed to sustain their allegations. Plaintiffs challenge the court's denial of each of their three theories on legal and factual sufficiency grounds. They contend that they established violations as a matter of law and that the court's failure to find in their favor is against the weight of the evidence.

Defendants argue that we need not reach plaintiffs' evidence-sufficiency points because there are independent defensive grounds to support the judgment, which plaintiffs have left unchallenged in this appeal. We agree.

The court filed no findings of fact and conclusions of law in this nonjury trial, and none were requested. Therefore it is presumed that the trial court made all findings necessary to support the judgment. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990); *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex.1989); *Burnett v. Motyka*, 610 S.W.2d 735, 736 (Tex.1980). In the absence of findings of fact and conclusions of law, we must affirm the judgment on any legal theory that finds support in the evidence. *Point Lookout West, Inc. v. Whorton*, 742 S.W.2d 277, 278–79 (Tex. 1987); *In the Interest of W.E.R.*, 669 S.W.2d 716, 717 (Tex.1984); *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex.1978). Implied findings may be challenged if the appellant brings forth a statement of facts showing that the implied findings are not supported by the record. *Roberson*, 768 S.W.2d at 281; *Burnett*, 610 S.W.2d at 736.

Plaintiffs do not expressly disagree with these general rules. Instead they argue that when the trial judge rendered judgment from the bench, he did not sustain defendants' affirmative defenses but simply stated plaintiffs had not sustained their burden of proof. It is true that when

the judge announced his judgment in court, he said nothing one way or the other about the affirmative defenses.[2] But a court's statements from the bench (or failure to make statements) about its rationale for a decision cannot substitute for, or contradict, express or implied findings of fact. Comments by the judge cannot be substituted for findings of fact and conclusions of law. *In the Interest of W.E.R.*, 669 S.W.2d 716, 716 (Tex.1984); *Smith v. Harrison County*, 824 S.W.2d 788, 792–93 (Tex.App.—Texarkana 1992, no writ); *Ikard v. Ikard*, 819 S.W.2d 644, 647 (Tex. App.—El Paso 1991, no writ). As the supreme court said in *W.E.R.*, an appellate court is "not entitled to look to any comments that the judge may have made at the conclusion of a bench trial as being a substitute for findings of fact and conclusions of law." 669 S.W.2d at 716. In *W.E.R.* there were no express findings of fact, and the court held that comments from the bench could not take the place of implied findings. The same thing is true in the present case.

■ Here defendants note that they asserted affirmative defenses which the trial court implicitly found were established, and which plaintiffs have not challenged in this court. Those defenses are: qualified immunity for the three individuals and sovereign immunity for the county. Applying the principles stated above, we must presume that there is an implied finding that the individual defendants established their affirmative defense of qualified immunity, and a legal ruling that sovereign immunity bars suit against the county.

■ Individual governmental officials enjoy a qualified common-law immunity from personal liability when performing discretionary duties in good faith within the scope of their authority. *See Eakle v. Texas Dep't. of Human Servs.*, 815 S.W.2d 869, 875 (Tex.App.—Austin 1991, no writ); *Carpenter v. Barner*, 797 S.W.2d 99, 101 (Tex.App.—Waco 1990, writ denied); *Perry v. Texas A & I Univ.*, 737 S.W.2d 106, 109–10 (Tex.App.—Corpus Christi 1987, writ ref'd n.r.e.); *Austin v. Hale*, 711 S.W.2d

64, 66–68 (Tex.App.—Waco 1986, no writ). We hold that the court's implied finding of individual immunity sustains its take-nothing judgment in favor of the individual defendants.

■ The county pleaded sovereign immunity, and the trial court implicitly sustained this affirmative defense. Counties perform only governmental functions and are immune from tort suits unless their immunity has been waived by statute. *See Turvey v. City of Houston*, 602 S.W.2d 517, 519 (Tex.1980); *Heigel v. Wichita County*, 84 Tex. 392, 19 S.W. 562 (1892); *Vela v. Cameron County*, 703 S.W.2d 721, 724 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.); *Braissaird v. Webb County*, 128 S.W.2d 475, 477 (Tex.Civ.App.—San Antonio 1939, no writ); 35 DAVID B. BROOKS, COUNTY AND SPECIAL DISTRICT LAW §§ 2.2, 2.7 (Texas Practice 1989). The Texas legislature has not waived the sovereign immunity of counties for wrongful termination suits. *See* TEX.CIV.PRAC. & REM.CODE ANN. §§ 101.021, 101.025 (Vernon 1986). Plaintiffs chose not to assert federal causes of action. *See* BROOKS, *supra*, § 2.31. We therefore affirm the take-nothing judgment in favor of the county.

There is no state statutory cause of action comparable to 42 U.S.C. § 1983, and we express no opinion whether there is an implied constitutional cause of action under the state constitution. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); *Jones v. Memorial Hosp. Sys.*, 746 S.W.2d 891 (Tex. App.—Houston [1st Dist.] 1988, no writ); *Bagg v. University of Texas Med. Branch*, 726 S.W.2d 582, 584 n. 1 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.) We need not reach this issue because the individuals are protected by qualified immunity, and sovereign immunity bars the suit against the county.

The judgment is affirmed.

---

**2.** The court did reject the defendants' lack-of-notice defense, but said nothing about their immunity defenses.