**Matthew CARROLL, Appellant,**

v.

**Kermit BLACK, et al., Appellees.**

**No. 10–96–049–CV.**

Court of Appeals of Texas,
Waco.

Dec. 18, 1996.

Rehearing Overruled Feb. 19, 1997.

Eric Samuelson, Austin, for Appellant.

William W. Kilgarlin, Santa Fe, NM, Amicus, for Appellant.

Dan Morales, Attorney General, Jorge Vega, First Assistant Attorney General, Laquita A. Hamilton, Deputy Attorney General for Litigation, Toni Hunter, Chief, General Litigation Division, Blake O. Brodersen, Assistant Attorney General, General Litigation Division, Austin, for Appellees.

Before DAVIS, C.J., CUMMINGS and VANCE, JJ.

**OPINION**

VANCE, Justice.

■ Matthew Carroll sued several Texas A & M University officials claiming wrongful discharge. The defendants filed a plea to the jurisdiction asserting the defense of sovereign immunity. After a hearing, the court granted the defendants' plea to the jurisdiction. Carroll appeals on one point: Does the *Sabine Pilot* exception to the employment-at-will doctrine apply to public employees asserting the defense of sovereign immunity? *See Sabine Pilot Serv. Inc. v. Hauck,* 687 S.W.2d 733 (Tex.1985).

■ Texas has long adhered to the employment-at-will doctrine. *East Line & R.R.R. Co. v. Scott,* 72 Tex. 70, 75, 10 S.W. 99, 102 (1888). Some exceptions have been made to the doctrine by statute. *See, e.g.,* TEX. LABOR CODE ANN. § 451.001 (Vernon 1996) (discharge for filing worker's compensation claim); TEX. GOV'T CODE ANN. § 554.002 (Whistleblower Act) (Vernon Supp. 1996). In 1985, our Supreme Court created a "very narrow" judicial exception to the employment-at-will doctrine: an employer may not discharge an employee "for the sole reason that the employee refused to perform an illegal act." *Sabine Pilot,* 687 S.W.2d at 735.

The appellees do not dispute that the *Sabine Pilot* exception to the at-will doctrine exists. Instead, they argue that the exception does not overcome their defense of sovereign immunity. As state officials who were acting in their official capacity, appellees assert that—absent legislative consent or statutory exception—they are entitled to the immunity defense. *See Bagg v. University of Texas Med. Branch,* 726 S.W.2d 582, 586 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.).

The justifications for sovereign immunity have long been criticized.[1] *Green Intern., Inc. v. State,* 877 S.W.2d 428, 433 (Tex.

---

1. Former Supreme Court Justice William Kilgarlin has filed an *amicus curiae* brief denouncing

the doctrines of sovereign immunity and employment-at-will as "relics of the past."

App.—Austin 1994, writ denied, order withdrawn, dism'd). However, the waiver of sovereign immunity is a matter properly addressed to the legislature. *University of Texas Med. Branch v. York,* 871 S.W.2d 175, 177 (Tex.1994).

Because we find neither legislative consent nor a statutory exception to sovereign immunity, we cannot say the trial court erred in dismissing Carroll's suit. We affirm the judgment.