Frank SALAZAR, Appellant,

v.

Sheriff Oscar LOPEZ, Jr. and Jim Wells County, Appellees.

No. 04–02–00115–CV.

Court of Appeals of Texas, San Antonio.

Aug. 7, 2002.

David Sibley, Royster, Rayzor, Vickery & Williams, L.L.P., Corpus Christi, for Appellant.

Myra K. Morris, Nicholas A. Parma, Will W. Pierson, Royster, Rayzor, Vickery & Williams, L.L.P., Corpus Christi, for Appellees.

Sitting: PHIL HARDBERGER, Chief Justice, CATHERINE STONE, Justice, KAREN ANGELINI, Justice.

Opinion by PHIL HARDBERGER, Chief Justice.

Frank Salazar sued Sheriff Oscar Lopez, Jr. ("Lopez") and Jim Wells County ("County"), claiming that he was terminated from employment for the refusal to perform an illegal act. Salazar contended that he had a valid claim under the *Sabine Pilot* exception to the employment-at-will doctrine. *See Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733 (Tex.1985). The trial court found that Lopez and the Coun- ty were immune from suit and granted a plea to the jurisdiction. The issue presented on appeal is whether the trial court had the inherent power to exercise jurisdiction over Salazar's claim. Because we conclude that the trial court was without jurisdiction to consider Salazar's claim, we affirm the trial court's order.

## BACKGROUND

While Salazar was employed as a deputy sheriff, he witnessed a car accident between another deputy and a civilian. Salazar alleged that Lopez and other deputies asked Salazar to testify falsely about the accident and to evade being a witness at trial. Salazar testified at trial and was subsequently terminated. Salazar sued Lopez and the County alleging that he was wrongfully terminated for the refusal to commit perjury. Salazar's petition contends that his is "a classic Sabine Pilot case" and that he is asserting "only a Sabine Pilot claim."

## STANDARD OF REVIEW

"Since as early as 1847, the law in Texas has been that absent the state's consent to suit, a trial court lacks subject matter jurisdiction." *Texas Dept. of Transp. v. Jones*, 8 S.W.3d 636, 637 (Tex. 1999). The plaintiff has the burden to allege facts that affirmatively demonstrate a waiver of governmental immunity in order for the trial court to have subject matter jurisdiction. *Reynosa v. Univ. of Tex. Health Sci. Ctr. at San Antonio*, 57 S.W.3d 442, 444 (Tex.App.-San Antonio 2001, pet. denied). Whether a trial court has subject matter jurisdiction is a question of law subject to de novo review. *Id.*

## DISCUSSION

The Texas legislature generally has not waived the sovereign immunity of

counties for wrongful termination suits. *Garcia v. Maverick County,* 850 S.W.2d 626, 628 (Tex.App.-San Antonio 1993, writ denied). Because Lopez was sued in his official capacity, he is entitled to the same immunity as the County. *See Whitehead v. Univ. of Tex. Health Sci. Ctr. at San Antonio,* 854 S.W.2d 175, 179 (Tex.App.-San Antonio 1993, no writ). Salazar must establish consent to suit by referencing a legislative statute or a resolution granting express legislative permission. *Jones,* 8 S.W.3d at 638.

▊ Although the Supreme Court created an exception to the employment-at-will doctrine in *Sabine Pilot,* several courts have recognized that this exception does not waive sovereign immunity. *See Univ. of Texas Medical Branch at Galveston v. Hohman,* 6 S.W.3d 767, 777 (Tex.App.-Houston [1st Dist.] 1999, pet. dism'd w.o.j.); *Carroll v. Black,* 938 S.W.2d 134, 135 (Tex.App.-Waco 1996, writ denied); *see also Redmon v. Dallas Area Rapid Transit,* 2001 WL 182849, at *1 (N.D.Tex. Jan.22, 2001). Salazar would distinguish those cases because they did not involve a termination based on an employee's refusal to perjure himself in court. Salazar contends that courts have the inherent power to ensure the integrity of their proceedings despite sovereign immunity. Salazar contends that this inherent power is in conflict with the doctrine of sovereign immunity, and that in instances in which an employee is terminated for refusing to perjure himself, the court's inherent power to ensure the integrity of its proceedings should prevail. Although Salazar makes an interesting argument, the waiver of governmental immunity is a matter addressed to the Legislature, not the courts. *University of Tex. Medical Branch at Galveston v. York,* 871 S.W.2d 175, 177 (Tex.1994); *Canutillo Ind. Sch. Dist. v. Olivares,* 917 S.W.2d 494, 496 (Tex.App.-El Paso 1996, no writ); *Green Intern., Inc. v. State,* 877 S.W.2d

428, 433 (Tex.App.-Austin 1994, writ dism'd). Salazar is not alone in criticizing the justifications for sovereign immunity. *See Carroll,* 938 S.W.2d at 135. However, the Texas Supreme Court explained the justifications as follows:

> Any waiver [of immunity] exposes governmental units to increased liability, the burden of which must eventually be born by the general populace. In the Tort Claims Act, the Legislature has undertaken to address the difficult conflicting policies associated with a waiver of governmental immunity. We consider the Legislature better suited than this Court to try to accommodate these policies, and therefore we continue to refuse to disturb the balance it has struck.

*Guillory v. Port of Houston Auth.,* 845 S.W.2d 812, 813–14 (Tex.1993). Because no statutory exception to sovereign immunity exists for a *Sabine Pilot* claim, the trial court properly dismissed Salazar's claim for lack of jurisdiction. *See Jones,* 8 S.W.3d at 638.

CONCLUSION

The trial court's order is affirmed.