COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-466-CV

LENORE UNKEFER APPELLANT

 V.

TEXAS YOUTH COMMISSION APPELLEE

------------

FROM THE 352nd DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------ 

I.  Introduction

In two issues, Appellant Lenore Unkefer challenges the trial court’s order granting Appellee Texas Youth Commission’s (“TYC”) plea to the jurisdiction and dismissing Unkefer’s gender discrimination, retaliation, wrongful termination, and breach of contract claims.  We will affirm.

II.  Factual and Procedural Background

Unkefer began working for TYC in 1998 as a juvenile correction officer.  During the new employee orientation, TYC gave Unkefer copies of the Personnel Policy and Procedure Manual (“PRS Manual”).  Pursuant to the PRS Manual, TYC employees in their first six months of employment could be terminated at any time if a supervisor determined that termination was in the best interest of the agency.  TYC employees employed for more than six months, however, attained the right to complain through a TYC grievance procedure that their employment was terminated without cause.  

TYC terminated Unkefer’s employment in October 2003.  The events leading to Unkefer’s termination occurred while she was working at Willoughby House—a TYC halfway house for female juvenile offenders.  In August 2003 Unkefer was suspended because she had stepped outside to her car, leaving the facility short of the required staff/student ratio.  After Unkefer provided a statement concerning this event, she filed a grievance questioning the confidentiality and integrity of the investigation that led to her suspension.  In September 2003, Unkefer faxed a letter to the Executive Director of Willoughby House—Steve Robinson—requesting that Robinson suspend Unkefer’s supervisor because the Willoughby House had quit conducting a program for youth and had become dangerous.  On October 1, 2003, Unkefer received a letter from her immediate supervisor advising her that the supervisor was recommending that Unkefer be terminated.  On October 24, 2003, Unkefer received a letter from another supervisor informing Unkefer that her “employment with TYC . . . at Willoughby House is terminated effective October 20, 2003 at 5:00 p.m.”  

Pursuant to the PRS Manual, Unkefer filed a grievance, the TYC held a hearing thereon, and the TYC hearing officer recommended that Unkefer’s termination be sustained.  In April 2004, the TYC Executive Director rendered his final decision upholding Unkefer’s termination. 

Unkefer filed her discrimination and retaliation complaints with the Texas Commission on Human Rights (“TCHR”) in July 2004.  In that complaint, Unkefer alleged that the latest act of discrimination by TYC occurred on October 20, 2003—the date she was terminated.  In September 2004, Unkefer received a letter from the Texas Workforce Commission advising her that she had a right to file a civil action in state court within sixty days from receipt of the letter.  On October 8, 2004, Unkefer filed suit in state court against the TYC for wrongful termination, gender discrimination, retaliation, and breach of contract.  

TYC filed a plea to the jurisdiction arguing that (1) the trial court lacked jurisdiction over Unkefer’s discrimination and retaliation claims because she  failed to file her complaint with the TCHR within 180 days of the date of the alleged unlawful employment act, and (2) TYC retained sovereign immunity from Unkefer’s breach of contract and wrongful termination claims.  The trial court granted TYC’s plea to the jurisdiction, and Unkefer timely filed her notice of appeal.  

III.  TYC’s Plea to the Jurisdiction

A.  Standard of Review

A plea to the jurisdiction challenges the trial court’s authority to determine the subject matter of the action.  
Tex. Dep’t of Transp. v. Jones
, 8 S.W.3d 636, 638 (Tex. 1999).
 
 Whether a trial court has subject matter jurisdiction and whether a pleader has alleged facts that affirmatively demonstrate the trial court's subject matter jurisdiction are questions of law that we review de novo.  
Tex. Dep't of Parks & Wildlife v. Miranda
, 133 S.W.3d 217, 226 (Tex. 2004); 
Tex. Natural Res. Conservation Comm'n v. IT-Davy
, 74 S.W.3d 849, 855 (Tex. 2002).  The plaintiff has the burden to plead facts affirmatively showing that the trial court has jurisdiction.  
Tex. Ass’n of Bus. v. Tex. Air Control Bd.
, 852 S.W.2d 440, 446 (Tex. 1993); 
Univ. of N. Tex. v. Harvey
, 124 S.W.3d 216, 220 (Tex. App.—Fort Worth 2003, pet. denied).
  

When a plea to the jurisdiction challenges only the pleadings, we determine whether the pleader has alleged facts that affirmatively demonstrate the trial court's jurisdiction to hear the cause.  
Miranda
, 133 S.W.3d at 226; 
Tex. Ass'n of Bus.
, 852 S.W.2d at 446.  We construe the pleadings liberally in favor of the pleader, look to the pleader's intent, and accept as true the factual allegations in the pleadings.  
See Miranda
, 133 S.W.3d at 226, 228; 
City of Fort Worth v. Crockett
, 142 S.W.3d 550, 552 (Tex. App.—Fort Worth 2004, pet. denied).  If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency, and the plaintiff should be afforded the opportunity to amend.  
Miranda
, 133 S.W.3d at 226; 
County of Cameron v. Brown
, 80 S.W.3d 549, 555 (Tex. 2002). If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend.  
Miranda
, 133 S.W.3d at 226-27.

If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do.  
See Bland ISD v. Blue
, 34 S.W.3d 547, 555 (Tex. 2000) (confining the evidentiary review to evidence that is relevant to the jurisdictional issue).  We take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant’s favor.  
Miranda
, 133 S.W.3d at 228.
 
 If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact question will be resolved by the fact finder.  
Id.
 at 227-28; 
Bland
, 34 S.W.3d at 555.  If the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, however, the trial court rules on the plea to the jurisdiction as a matter of law.  
Miranda
, 133 S.W.3d at 227-28; 
Bland
, 34 S.W.3d at 555.

B.  Discrimination and Retaliation Claims

In her first point, Unkefer makes two arguments.  First, she claims that she did timely file her discrimination and retaliation claims with the TCHR and that the trial court erred by granting TYC’s plea to the jurisdiction on the ground that she did not.  And second, she argues that any failure by her to timely file her discrimination and retaliation claims with the TCHR merely creates a statute of limitations affirmative defense for TYC, but does not deprive the trial court of jurisdiction and may therefore not be the basis of a plea to the jurisdiction.

Unkefer’s discrimination and retaliation claims allege causes of action under the Texas Labor Code.
(footnote: 2)  The Labor Code requires that these claims be filed with the Equal Employment Opportunity Commission (“EEOC”) or the TCHR within 180 days after the alleged unlawful employment practice occurred.  
See 
Tex. Lab. Code Ann.
 § 21.202 (Vernon 2006);
 Cooper-Day v. RME Petroleum Co.
, 121 S.W.3d 78, 83 (Tex. App.—Fort Worth 2003, pet. denied).  The 180-day time limit begins when the plaintiff is informed of the allegedly discriminatory employment decision, not when that decision comes to fruition.  
Specialty Retailers, Inc. v. DeMoranville
, 933 S.W.2d 490, 492 (Tex. 1996).  This time limit is mandatory and jurisdictional.  
Schroeder v. Tex. Iron Works, Inc.
, 813 S.W.2d 483, 486 (Tex. 1991); 
Cooper-Day
, 121 S.W.3d at 83.  If a plaintiff fails to adhere to the 180-day time limit, the trial court is without subject matter jurisdiction.  
See Czerwinski v. Univ. of Tex. Health Sci. Ctr.
, 116 S.W.3d 119, 122 (Tex. App.—Houston [14th Dist.] 2002, pet. denied).  

Unkefer argues that the 180-day time period for filing her claims with the TCHR started in April 2004 when, in her TYC grievance procedure, the TYC executive director rendered his final decision upholding her termination.  TYC contends and the case law holds, however, that the statutory 180-day time limit began to run when Unkefer received her supervisor’s letter recommending that she be terminated; that is, Unkefer was required to file her claims with the TCHR within 180 days after the alleged unlawful employment practice occurred.  
See 
Tex. Lab. Code Ann.
 § 21.202; 
Specialty Retailers, Inc.
, 933 S.W.2d at 492 (holding that the proper focus is upon the time of the discriminatory acts, not the time when the consequences of discriminatory acts become most painful); 
Cooper-Day, 
121 S.W.3d at 83.  The alleged unlawful employment practices giving rise to Unkefer’s discrimination and retaliation claims occurred at the latest—based on Unkefer’s pleading and on the jurisdictional evidence submitted to the trial court—on October 24, 2003 when she received notice that she had been terminated.
(footnote: 3)  Unkefer therefore had until April 21, 2004—180 days from October 24, 2003—to file her complaint with the TCHR.  Because Unkefer did not file her complaint with the TCHR until July 9, 2004, the TCHR was required to dismiss the complaint.  
See 
Tex. Lab. Code Ann.
 § 21.202.  Unkefer did not file her complaint with TCHR within the statutory 180-day time period, so the trial court lacked jurisdiction over her claim.
(footnote: 4) 
See id.
; 
Specialty Retailers, Inc.
, 933 S.W.2d at 493.  

Unkefer also argues that the 180 day time limit is a statute of limitations, and is therefore an affirmative defense that cannot be the basis for sustaining a plea to the jurisdiction.  But the case law is to the contrary.  The failure to file a complaint with the EEOC or the TCHR within 180 days of the date on which the alleged unlawful employment practice occurred completely divests the state trial court of subject matter jurisdiction over the complaint.  
See El Paso County v. Navarrete
, 194 S.W.3d 677, 683 (Tex. App.—El Paso 2006, pet. denied);
 Cooper-Day
, 121 S.W.3d at 83
; Czerwinski,
 116 S.W.3d at 120
.

We overrule Unkefer’s first issue.  

C.  Breach of Contract and Wrongful Termination Claims

In her second point, Unkefer argues that the trial court erred by dismissing her breach of contract and wrongful termination claims.  Specifically, Unkefer contends that, based on the provisions of its PRS Manual, TYC entered into an employment contract with her that limited its ability to terminate her without just cause and thereby consented to a waiver of its sovereign immunity concerning the contract.  TYC in its appellate brief presumes that a contract exists and argues that, nonetheless, Unkefer’s breach of contract and wrongful termination claims are barred by sovereign immunity. 

Sovereign immunity is best understood as two distinct types of immunity—immunity from suit, which bars a suit unless the State consented to it, and immunity from liability, which protects the State from judgments even if it did consent to the suit. 
 Reata Constr. Corp. v. City of Dallas
, 197 S.W.3d 371, 374 (Tex. 2006); 
Tooke v. City of Mexia
, 197 S.W.3d 325, 332 (Tex. 2006).  The first type of sovereign immunity, immunity from suit, deprives a trial court of subject matter jurisdiction. 
See Miranda
, 133 S.W.3d at 224.  While sovereign immunity refers to the State’s immunity, governmental immunity refers to immunity extended to political subdivisions of the State.  
See Sanders v. City of Grapevine
, 218 S.W.3d 772, 776 n.1 (Tex. App.—Fort Worth 2007, pet. filed).  Political subdivisions of the state, including TYC, are entitled to such immunity unless it has been waived.  
See
 
Muenster Hosp. Dist. v. Carter
, 216 S.W.3d 500, 503 (Tex. App.—Fort Worth 2007, no pet.).

In a suit against a governmental unit, the plaintiff must affirmatively demonstrate the court’s jurisdiction by alleging a valid waiver of immunity.  
Dallas Area Rapid Transit v. Whitley
, 104 S.W.3d 540, 542 (Tex. 2003).  A plaintiff alleges a valid waiver of immunity by alleging such in its petition either by reference to a statute or to express legislative permission.  
Jones
, 8 S.W.3d at 638.  To determine whether the plaintiff has met that burden, we consider the facts alleged by the plaintiff and, to the extent it is relevant to the jurisdictional issue, the evidence submitted by the parties.  
Tex. Natural Res. Conservation Comm’n v. White
, 46 S.W.3d 864, 868 (Tex. 2001).

The Texas Supreme Court has unequivocally held that a private citizen must have legislative consent to sue the State on a breach of contract claim.  
See Tooke
, 197 S.W.3d at 332-33.  The courts of appeals have similarly held the same for wrongful termination claims.  
See, e.g., Salazar v. Lopez
, 88 S.W.3d 351, 352-53 (Tex. App.—San Antonio 2002, no pet.).  A governmental unit waives its immunity from liability by entering into a contract with a private citizen, but does not waive its immunity from suit by doing so.  
See Tooke
, 197 S.W.3d at 332
.
  Accordingly, even if a valid contract exists, a plaintiff must still affirmatively establish legislative consent to sue the governmental unit.  
See City of Fort Worth v. Pastusek Indus., Inc.
, 48 S.W.3d 366, 372 (Tex. App.—Fort Worth 2001, no pet.).  

Assuming that a valid contract did exist between Unkefer and TYC,
(footnote: 5) Unkefer still had the burden of pleading a valid waiver of immunity from suit either by reference to a statute or to express legislative permission.  
See Jones
, 8 S.W.3d at 638
.  
Unkefer’s petition, however, does not reference any statute or other legislative permission for her breach of contract and wrongful termination suit against TYC.

Construing Unkefer’s pleadings liberally in her favor, looking to her intent, accepting as true the factual allegations in the pleadings, and considering, to the extent it is relevant to the jurisdictional issue, the evidence submitted by the parties, we hold that Unkefer did not affirmatively plead or produce jurisdictional evidence showing a waiver of TYC’s immunity from suit for her breach of contract or wrongful termination claims.  
See Miranda
, 133 S.W.3d at 226-28
; 
Salazar
, 88 S.W.3d at 353; 
see also Nivens v. City of League City
, No. 01-05-00335-CV, 2007 WL 1018306, at *2 (Tex. App.—Houston [1st Dist.] Apr. 5, 2007, pet. filed) (holding that 
trial court did not err by granting governmental unit’s plea to the jurisdiction when plaintiff did not plead sufficient facts to establish a waiver of the governmental unit’s immunity).  The trial court properly granted TYC’s plea to the jurisdiction with respect to Unkefer’s breach of contract and wrongful termination claims; we overrule Unkefer’s second point.

IV.  Conclusion

Having overruled both of Unkefer’s issues, we affirm the trial court’s order granting TYC’s plea to the jurisdiction.

 SUE WALKER

 JUSTICE

PANEL F
: WALKER, HOLMAN, and GARDNER, JJ.

DELIVERED: June 21, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
At TYC’s request, the trial court previously ordered Unkefer’s suit removed to federal court.  The federal court partially granted TYC’s motion for summary judgment, dismissed all of Unkefer’s Title VII claims, and remanded Unkefer’s remaining state law claims back to the trial court.  Consequently, only Unkefer’s Labor Code claims are at issue here.

3:
The complaint that Unkefer actually filed with the TCHR alleges an even earlier date; in the box titled “Date(s) Discrimination Took Place,” Unkefer noted that the earliest possible date was “10-20-2003" and the latest possible date was “10-20-2003.”  

4:
In her briefs to this court, Unkefer argues that she was entitled to rely upon the TCHR “right to sue” letter giving her sixty days to file suit.  But the statute requires that to invoke the trial court’s jurisdiction, a claim must have been filed with the EEOC or TCHR within “180 days” of the alleged unlawful employment practice.  
See 
Tex. Lab. Code Ann.
 § 21.202.  And we are to employ a de novo review in determining whether the trial court had subject matter jurisdiction.  
See Miranda
, 133 S.W.3d at 226.  Thus, the TCHR letter allegedly giving Unkefer a “right to sue” does not impact our analysis of the trial court’s jurisdiction.

5:
Although we assume that an employment contract existed between TYC and Unkefer, we have serious doubts as to whether the employment policy manual at issue here created an employment contract.  
See Brown v. Sabre, Inc.
, 173 S.W.3d 581, 585 (Tex. App.—Fort Worth 2005, no pet.) (holding that except in a few circumstances, “employee handbooks and policy manuals constitute general guidelines in the employer/employee relationship and do not create implied contracts between the employer and employee”).