



# MEMORANDUM OPINION

No. 04-10-00777-CV

The **TEXAS STATE OFFICE OF ADMINISTRATIVE HEARINGS**,
Appellant

v.

Carol **BIRCH**, Charles Homer, Ann Landeros, and Carol Wood,
Appellees

From the 419th District Court, Travis County, Texas
Trial Court No. D-1-GN-09-004285
The Honorable Gisela D. Triana-Doyal, Judge Presiding

Opinion by:     Marialyn Barnard, Justice

Sitting:        Sandee Bryan Marion, Justice
                Phylis J. Speedlin, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  December 15, 2010

REVERSED AND RENDERED

This appeal was transferred to this court from the Third Court of Appeals. Appellees

Carol Birch, Charles Homer, Ann Landeros, and Carol Wood ("appellees") are former

Administrative Law Judges ("ALJs"). Appellees sued the Texas State Office of Administrative

Hearings ("the SOAH"), claiming they were either fired or constructively discharged based on

age, gender, or disability. Appellees also claim they were wrongfully terminated in retaliation

for their opposition to "illegal crony favoritism," and "illegal practices in the operation of state

agencies tasked with the administration of judicial and quasi-judicial functions." The SOAH filed a plea to the jurisdiction based on sovereign immunity, arguing the trial court did not have subject matter jurisdiction over appellees' common law claims. The trial court denied the SOAH's plea and this interlocutory appeal followed. We reverse the trial court's order because sovereign immunity has not been waived, and therefore, the trial court was without jurisdiction.

## BACKGROUND

Birch alleges she was constructively discharged due to discrimination based on sex, age, and disability, as well as in retaliation for her opposition to discriminatory and illegal practices. Homer alleges he was constructively discharged because he opposed the discriminatory practices of the SOAH, and Team Leaders pressuring ALJs into making certain decisions. Landeros alleges she was constructively discharged because she opposed discriminatory practices, including sexual harassment. As for Wood, she alleges she was terminated because she opposed discriminatory practices, and because she was paid $350 per month in longevity pay and received twenty-one hours per month in vacation time. Collectively, appellees claim they were all terminated for refusing to perform illegal acts, namely, refusing to give in to illegal cronyism. Appellees cite to *Sabine Pilot Serv., Inc. v. Hauck* in support of their "illegal acts" claims. *See* 687 S.W.2d 733 (Tex. 1985). The SOAH filed its plea to the jurisdiction with regard to appellees' common law claims.

## ANALYSIS

The SOAH contends the trial court did not have subject matter jurisdiction to hear appellees' common law claims under *Sabine Pilot*. Whether a trial court has subject matter jurisdiction is a question of law, and is therefore subject to a de novo review. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

Unless the Texas Legislature expressly waives sovereign immunity, state agencies are immune from suit. *State v. Lueck*, 290 S.W.3d 876, 880 (Tex. 2009). To establish a waiver of immunity, parties seeking relief must point to a "legislative statute or a resolution granting express legislative permission." *Salazar v. Lopez*, 88 S.W.3d 351, 353 (Tex. App.—San Antonio 2002, no pet.).

In *Sabine Pilot*, the Texas Supreme Court set forth the very narrow exception to the Texas at-will employment doctrine, holding that an employee may sue if he was terminated because he refused to perform an illegal act. *Sabine Pilot*, 687 S.W.2d at 734-35. Although *Sabine Pilot* concerns only non-governmental employers, appellees argue Texas public policy mandates an extension of *Sabine Pilot* to governmental employees. Neither the Texas Supreme Court nor the Third Court of Appeals has directly addressed this issue, but several other courts of appeals have refused to extend *Sabine Pilot* to governmental employees. *See Midland Indep. School Dist. v. Watley*, 216 S.W.3d 374, 376 (Tex. App.—Eastland 2006, no pet.); *Nueces County v. Thornton*, 2004 WL 396608, at *5 (Tex. App.—Corpus Christi Mar. 4, 2004, no pet.); *Salazar*, 88 S.W.3d at 353; *Univ. of Tex. Med. Branch at Galveston v. Hohman*, 6 S.W.3d 767, 777 (Tex. App.—Houston [1st Dist.] 1999, pet. dism'd w.o.j.); *Carroll v. Black*, 938 S.W.2d 134, 134-35 (Tex. App.—Waco 1996, writ denied). These courts have held the governmental entity retains its sovereign immunity when an employee raises a common law, *Sabine Pilot* cause of action. *See id.* Moreover, appellees have not cited a statute or resolution that establishes a waiver of immunity in a case like the one before us. Therefore, in accordance with prior decisions of this court, we refuse to extend the *Sabine Pilot* exception to governmental employees. *See Salazar*, 88 S.W.3d at 353. As we noted in *Salazar*, the waiver of sovereign

immunity is best left to the Legislature, not the courts. 88 S.W.3d at 353 (citing *Univ. of Tex. Med. Branch at Galveston v. York*, 871 S.W.2d 175, 177 (Tex. 1994)).

Because the trial court did not have subject matter jurisdiction to hear appellees' common law claims, we reverse the trial court's order.

**CONCLUSION**

Accordingly, we reverse the trial court's order and dismiss appellees' common law claims.

Marialyn Barnard, Justice