

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00461-CV

Erica **BARRERA**, Individually and as Next Friend of D.R., Minor; Michael Brown, Individually and as Next Friend of V.B., Minor; Jennifer Davis, Individually and as Next Friend of Z.D., Minor; Angeli Rose Gomez, Individually and as Next Friend of G.B. & A.G., Minors; Luz Hernandez, Individually and as Next Friend of N.J., Minor; Carla Rose King; Tiffany Luna, Individually and as Next Friend of A.P., Minor; Tamica Martinez, Individually and as Next Friend of R.D., Minor; Tiffany Massey; Yolanda Morales, Individually and as Next Friend of Z.G., Minor; Nicole Faye Ogburn; Mary Ann Reyes, Individually and as Next Friend of A.S. & A.S., Minors; Bianca Rivera, Individually and as Next Friend of G.R., Minor; Christina and Brenda Sonora, Individually and as Next Friend of V.S., Minor; David Trevino, Individually and as Next Friend of A.T., I.T., & D.T., Minors; Krystal Upton, Individually and as Next Friend of J.T. and B.T., Minors; Esmeralda Velasquez, Individually and as Next Friend of C.V., Minor; Sofia Zapata, Individually and as Next Friend of M.S., Minor,
Appellants

v.

**UVALDE COUNTY** and The Texas Department of Public Safety,
Appellees

From the 38th Judicial District Court, Uvalde County, Texas
Trial Court No. 2023-11-35275-CV
Honorable M. Rex Emerson, Judge Presiding

Opinion by:    Lori I. Valenzuela, Justice

Sitting:       Lori I. Valenzuela, Justice
               Lori Massey Brissette, Justice
               H. Todd McCray, Justice

Delivered and Filed: February 25, 2026

AFFIRMED

The appellants in this case are five teachers and twenty students who survived the May 24, 2022 mass shooting at Robb Elementary School and the parents of the appellant students. They challenge the trial court's final judgment, which dismissed their negligence claims against appellees Uvalde County and the Texas Department of Public Safety ("DPS") for lack of subject-matter jurisdiction. We conclude that the Texas Tort Claims Act ("TTCA") and precedent interpreting that statute leave us with no choice but to affirm the judgment.

BACKGROUND

The student and teacher appellants were all on campus during the tragedy at Robb Elementary. None of the appellants were in the classrooms where the shooter murdered nineteen students and two teachers, but most were barricaded in nearby classrooms and could hear the gunfire, and some saw the shooter as he moved through the campus. The shooter also fired into the windows of at least one of the classrooms where the appellants were located. Several appellants lost friends and cousins in the shooting, and others were physically injured during the evacuation. All were traumatized.

The appellants sued Uvalde Consolidated Independent School District ("UCISD"), the City of Uvalde, Uvalde County, DPS, and the Texas Rangers under the TTCA. They brought a premises liability claim against UCISD and separately alleged that all five defendants "(a) fail[ed] to enforce state-mandated active shooter protocols; (b) fail[ed] to enforce security policies and procedures; (c) fail[ed] to maintain the security equipment, doors, and alert systems; and (d) fail[ed] to select, hire, and train competent leaders and law enforcement officers." The appellants alleged their "injuries were proximately caused either by the negligence of the Defendants' employees acting within the scope of their employment in the use of tangible property, or under circumstances where an employee or agent furnished tangible property the use of which caused the Plaintiffs' harm."

The City of Uvalde did not enter an appearance in this case. UCISD, Uvalde County, and DPS/the Texas Rangers all filed pleas to the jurisdiction in which they argued the trial court lacked subject-matter jurisdiction over the appellants' claims. After a hearing, the trial court granted the pleas, and the appellants subsequently filed a motion for rehearing. During the hearing on their motion, the appellants withdrew their request for rehearing as to UCISD and the Texas Rangers. The trial court denied the motion for rehearing, and the appellants filed a notice of appeal.

In response to an order from this court, the trial court signed a "clarifying order" that reiterated its earlier rulings. That order concluded, "This is a Final Order and all relief not herein granted is denied." We construe this clarifying order as the trial court's final judgment. The parties' briefing in this case was completed on April 2, 2025, and the case was submitted after oral argument on December 5, 2025.[1]

---

[1] During oral argument, the appellants' lead counsel reiterated that he had filed a motion to reschedule the argument, and he appeared to question this court's decision to deny that motion. This case was originally set for submission on oral argument on May 28, 2025, and we sua sponte rescheduled the argument for June 16, 2025. The appellants subsequently filed a motion asking us to reset the argument to accommodate their lead counsel's family vacation and previously scheduled depositions, and we granted that motion.

On July 23, 2025, the appellants filed a second motion to reset the oral argument, citing the recent health concerns of their lead counsel. We granted that motion and rescheduled the argument for December 5, 2025.

On November 7, 2025, the appellants filed a third motion to reset the argument, again citing their lead counsel's health concerns. The motion suggested dates in March of 2026, nearly a year after the briefing in this case was complete. We denied the motion, noting: (1) the case had been ripe for decision for several months and had already been reset three times; (2) the extensive coordination necessary to schedule oral argument in Uvalde County, where this case was heard; and (3) while the appellants' briefing and other filings in this court listed the names of several other attorneys who are counsel of record in this case, none of their motions to reset oral argument explained why those attorneys could not perform the argument in place of their lead counsel.

The appellants' lead counsel ultimately chose to present the argument himself. One of the other attorneys listed on the appellants' filings also attended oral argument, and we allowed her to actively assist with both the appellants' opening argument and their rebuttal. *See* Tex. R. App. P. 39.4. As noted above, during that time, the appellants' lead counsel expressed his displeasure at our denial of his motion to reschedule. We feel compelled to note that his comments did not accurately represent the latitude we had already extended to him.

**ANALYSIS**

***Standard of Review and Applicable Law***

"In Texas, sovereign immunity deprives a trial court of subject matter jurisdiction for lawsuits in which the state or certain governmental units have been sued unless the state consents to suit." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004); *see also, e.g.*, *Tarrant County v. Bonner*, 574 S.W.3d 893, 899 (Tex. 2019). Because sovereign immunity "defeats a trial court's subject matter jurisdiction," it "is properly asserted in a plea to the jurisdiction." *Miranda*, 133 S.W.3d at 225–26.

The TTCA provides a limited waiver of sovereign and governmental immunity for, *inter alia*, "personal injury and death [proximately] caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE § 101.021(2). Under section 101.021(2), "immunity may be waived when an employee (1) furnishes property in a defective or inadequate condition causing injury or (2) improperly uses otherwise non-defective property to cause injury." *Univ. of Tex. M.D. Anderson Cancer Ctr. v. McKenzie*, 578 S.W.3d 506, 513 (Tex. 2019). "To 'use' property in this context means 'to put or bring [the property] into action or service; to employ for or apply to a given purpose.'" *Id.* (quoting *San Antonio State Hosp. v. Cowan*, 128 S.W.3d 244, 246 (Tex. 2004)). "A claim of 'mere non-use' is insufficient to waive immunity; actual use is required." *Id.* (quoting *Kerrville State Hosp. v. Clark*, 923 S.W.2d 582, 584 (Tex. 1996)).

The plaintiff has the burden to plead facts that affirmatively show a waiver of immunity. *See id.* at 512. In determining whether the plaintiff has met that burden, the reviewing court must

"construe the pleadings liberally in favor of the plaintiffs and look to the pleaders' intent."[2] *Miranda*, 133 S.W.3d at 226. If the factual allegations neither affirmatively demonstrate the trial court's jurisdiction nor affirmatively demonstrate incurable jurisdictional defects, then the issue is one of pleading sufficiency and the plaintiffs should be afforded an opportunity to amend. *Id.* at 226–27. But if the pleadings affirmatively negate jurisdiction, the court should grant the plea to the jurisdiction and dismiss the suit without allowing the plaintiff an opportunity to amend. *Id.* at 227. We review the trial court's ruling on a plea to the jurisdiction de novo. *Id.* at 226.

### *Application*

#### *The City of Uvalde, the Texas Rangers, and UCISD*

The City of Uvalde, the Texas Rangers, and UCISD were identified as defendants in the trial court and were originally listed as appellees in the style of this case. For the following reasons, we conclude the trial court's rulings as to those entities are not before this court.

As noted above, the City of Uvalde never entered an appearance in this case. The trial court's clarifying order states that the appellants reached a settlement with the City and that the trial court did not know if the appellants ever served the City. The order concludes the City was not a party to this case when the court heard the various pleas to the jurisdiction, and the appellants have not challenged that conclusion on appeal. Accordingly, we hold the City is not a party to this appeal.

DPS/the Texas Rangers argued below that the Texas Rangers is a subsidiary entity that cannot sue or be sued in its own right. The trial court granted the Texas Rangers' plea to the

---

[2] In their appellate briefing, the appellants argue that the tangible personal property provision of the TTCA should be liberally construed. While the TTCA once mandated liberal construction of its language and provided for a waiver of sovereign immunity based on "some" condition or "some" use of tangible property, the legislature amended the statute in 1985 to delete those provisions. *See Univ. of Tex. Med. Branch at Galveston v. Kai Hui Qi*, 402 S.W.3d 374, 382–87 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

jurisdiction. The appellants initially sought rehearing of that ruling, but they later withdrew that request in open court. While the appellants' notice of appeal expresses their intent to "appeal from all portions of the judgment," their briefing in this court mentions the Texas Rangers only in passing and does not explicitly challenge the trial court's ruling as to that entity. Appellants therefore appear to have abandoned their claims against the Texas Rangers. *See Sides v. Guevara*, 247 S.W.3d 293, 299 n.4 (Tex. App.—El Paso 2007, no pet.).

UCISD's plea to the jurisdiction argued that because it is a public school district, the TTCA waives its immunity to liability only in cases involving the negligent use of a motor vehicle. *See* TEX. CIV. PRAC. & REM. CODE § 101.051. As they did with the Texas Rangers, the appellants initially sought rehearing of the trial court's jurisdictional dismissal of UCISD but then withdrew that request. During a post-judgment hearing in the trial court, the appellants stated, "They [UCISD] can't be sued and the Court accurately granted their plea[.]" Similarly, their brief in this appeal represents that they "orally dismissed UCISD" below. We therefore hold the appellants abandoned their challenge to the trial court's dismissal of UCISD. *See Sides*, 247 S.W.3d at 299 n.4; *see also Saeco Elec. & Util., Ltd. v. Gonzales*, 392 S.W.3d 803, 806 (Tex. App.—San Antonio 2012, pet. granted, judgm't vacated w.r.m.) ("A party cannot ask something of the trial court and then complain the trial court erred in granting the relief sought.").

For these reasons, we conclude that although the appellants initially sued five defendants, only two remain in this case as appellees: DPS and Uvalde County. The remainder of this opinion will therefore address only the appellants' claims against those entities.

*The Trial Court's Rulings on DPS and Uvalde County*

The appellants maintain that their live petition pleaded a valid waiver of DPS's and Uvalde County's immunity. DPS and Uvalde County respond: (1) the appellants did not plead a viable waiver of immunity; and (2) even if they did, their claims are exempted from the TTCA's waiver.

1.      Waiver of immunity

"In determining whether a plaintiff has stated a claim for use of tangible personal property, we look to the true nature of the dispute—a plaintiff may not expand the [TTCA's] limited waiver through artful pleading." *McKenzie*, 578 S.W.3d at 513. Here, the appellants' petition alleged that DPS and Uvalde County negligently failed to properly implement an active-shooter policy and that negligence delayed the appellants' rescue. When viewed in the light most favorable to the appellants—as required by the applicable standard of review—the petition can reasonably be construed as alleging that the delayed rescue itself, not just the shooting, caused the appellants' injuries.

There is no independent waiver of immunity for a claim of negligent implementation of policy. *See City of San Antonio v. Maspero*, 640 S.W.3d 523, 532–33 (Tex. 2022). While a negligent implementation of policy can support a claim against a governmental entity after a waiver of immunity has already been established, "the negligent implementation theory of liability does not itself waive immunity. . . . A plaintiff must first establish a waiver of immunity under some other provision of the Texas Tort Claims Act before he can invoke a claim of negligent implementation." *Perez v. City of Dallas*, 180 S.W.3d 906, 911 (Tex. App.—Dallas 2005, no pet.); *Kirstein v. City of S. Padre Island*, No. 13-18-00574-CV, 2019 WL 4200298, at *3 (Tex. App.—Corpus Christi–Edinburg Sept. 5, 2019, pet. denied) (mem. op.).

The appellants sought to establish a waiver of immunity by tying their claims to the use or condition of tangible personal property. *See* TEX. CIV. PRAC. & REM. CODE § 101.021(2). Many of the claims in the appellants' petition revolved around interior and exterior doors and door locks at Robb Elementary; keys to those doors and locks; law enforcement body armor, shields, protective gear, and firearms; and other unspecified equipment. However, the appellants' allegations regarding these objects largely asserted that DPS, Uvalde County, and other defendants and law enforcement agencies either did not have or failed to use those items.[3] It is well-established that non-use of property will not establish a waiver of immunity under the TTCA. *See, e.g.*, *City of N. Richland Hills v. Friend*, 370 S.W.3d 369, 372 (Tex. 2012).

The appellants' petition also contained allegations regarding "portable radio communication devices used by UCISD PD, and other law enforcement officers" and "faulty radios of all law enforcement personnel."[4] The appellants argued, for example, that officers were not able to use some of the radios unless they were 10 feet away from the school building. These allegations appear to assert that a condition of the radios contributed to a "breakdown in communication" and delayed the appellants' rescue.

A TTCA claim based on the condition of tangible personal property "must allege that the property was defective or inadequate so that its intended and ordinary use posed a hazard to" the plaintiff. *White v. City of Houston*, 624 S.W.3d 28, 32–33 (Tex. App.—Houston [1st Dist.] 2021, no pet.). The appellants did not allege that the defective radios posed a hazard in their intended

---

[3] The appellants' petition briefly alleged that unspecified law enforcement officers used their equipment to prevent parents and other civilians from entering the school during the shooting. However, the petition did not explicitly allege: (1) that either DPS or Uvalde County participated in those actions; or (2) that those actions were a substantial factor in the delay that caused their injuries. In response to questioning from this court during oral argument, the appellants represented that their claims are not based on law enforcement's efforts to prevent parents from entering the school.

[4] The appellants also asserted claims regarding Robb Elementary's intercom and wi-fi system, but they did not allege that DPS or Uvalde County used these items or were responsible for their condition. Nor did they allege that DPS or Uvalde County were responsible for the condition of doors and door locks at the school.

and ordinary use. *See id.* Instead, they alleged that the defects prevented DPS and Uvalde County from using the radios for their intended purpose.

In their briefing to this court, the appellants cited the Texas Supreme Court's 1976 decision in *Lowe v. Texas Tech University* as support for their contention that the defective radios lacked an integral safety component and therefore established a waiver of governmental immunity. In *Lowe*, the supreme court held that governmental immunity was waived when a university football player alleged he was injured after the university failed to provide him with an appropriate knee brace as part of his football uniform. *See* 540 S.W.2d 297, 298–300 (Tex. 1976). The supreme court reached a similar conclusion thirteen years later, when it held that immunity was waived where a patient with epilepsy drowned after a state hospital failed to provide him with a life preserver under circumstances where the hospital "was responsible for patients being dressed in appropriate swimming attire." *See Robinson v. Cent. Tex. MHMR Ctr.*, 780 S.W.2d 169, 169, 171 (Tex. 1989). In both *Robinson* and *Lowe*, the plaintiffs' injuries resulted from defective or missing safety equipment that a governmental entity had a duty to furnish directly to the plaintiffs for their personal use. *See Robinson*, 780 S.W.2d at 169; *Lowe*, 540 S.W.2d at 300; *see also McKenzie*, 578 S.W.3d at 513 (recognizing governmental immunity can be waived where employee furnishes property in defective condition).

The same is not true here. In this case, the radios were not furnished to the appellants for their use. More importantly, however, in the years since its decisions in *Robinson* and *Lowe*, the Texas Supreme Court has recognized that the precedential value of both cases is limited and that they represent "the outer bounds of what we have defined as use of tangible personal property." *Friend*, 370 S.W.3d at 372; *Clark*, 923 S.W.2d at 585. Accordingly, we must conclude that *Robinson* and *Lowe* do not control the outcome of this case. After thoroughly reviewing the

appellants' petition, we hold that the assertions about the condition of the radios alleged only a claim of non-use that will not establish a waiver of immunity. *Friend*, 370 S.W.3d at 372.

But even if we construe the allegations about the radios as a "use" claim, to establish a waiver of government immunity, the "use of the property must have actually caused the plaintiff's injury." *White*, 624 S.W.3d at 33. "The requirement of causation is more than mere involvement[.]" *Dall. Cnty. Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 343 (Tex. 1998). "Property does not cause injury if it does no more than furnish the condition that makes the injury possible." *Id.* Even when construed liberally in the appellants' favor, the allegations in the petition asserted that the radios furnished one of several conditions that made the delay possible, not that the condition of the radios actually caused the delay. Furthermore, the petition did not allege that properly functioning radios would have minimized or eliminated the delay in the appellants' rescue, nor did the appellants present any evidence on that point.[5] The petition therefore did not plead that the radios were "the instrumentality of the harm." *See Kai Hui Qi*, 402 S.W.3d at 381.

Both DPS and Uvalde County argue that the facts of this case are similar to facts the Texas Supreme Court considered in *City of Dallas v. Sanchez*, 494 S.W.3d 722 (Tex. 2016) (per curiam). In *Sanchez*, the plaintiffs sued the City of Dallas after their son, Matthew, died of a drug overdose. *See id.* at 724. Before Matthew died, "a 9-1-1 operator dispatched an ambulance to his apartment complex. Once on scene, however, emergency personnel provided assistance to a different drug-overdose victim at the same complex and then left the premises without aiding [Matthew], erroneously concluding that two closely timed 9-1-1 calls concerning overdose victims at the same locale were redundant." *Id.* In their petition, Matthew's parents alleged:

---

[5] The appellants did not file a response to DPS's plea to the jurisdiction and filed only a brief response with no attached evidence to Uvalde County's plea to the jurisdiction.

(1) the City's 9-1-1 dispatcher misused the phone system by hanging up before emergency responders arrived to assist [Matthew], or in the alternative, the 9-1-1 phone system malfunctioned, causing the call to disconnect prematurely; (2) the 9-1-1 dispatcher failed to follow proper procedure and violated various federal, state, and local laws and regulations by either disconnecting the call or failing to redial after the call disconnected; and (3) if the emergency responders had located [Matthew] before leaving the premises, they "would have most likely saved [his] life."

*Id.* at 725. After reviewing these allegations, the Texas Supreme Court held that any malfunction in the 9-1-1 system "was too attenuated from the cause of [Matthew's] death—a drug overdose— to be a proximate cause" and therefore did not establish a waiver of the City's immunity. *Id.* at 726–27.

*Sanchez* is distinguishable from these facts for at least two reasons. First, while the *Sanchez* plaintiffs' claims arose from Matthew's death, the injuries alleged by the appellants in this case arise at least in part from the delay itself, not from any physical injuries caused by the shooter. Second, the time between the malfunction in the 9-1-1 system and Matthew's death— approximately six hours—appeared to play a significant role in the supreme court's attenuation analysis in that case. *See id.* at 727. Here, in contrast, there are no facts to suggest that there was a similar lag time between DPS's and Uvalde County's allegedly culpable acts and the appellants' injuries.

Nevertheless, we cannot ignore that both *Sanchez* and this case involved allegations of defective or malfunctioning communication equipment. Nor can we ignore that the dangerous situations during which the communication equipment failed—the drug overdose in *Sanchez* and the shooter's actions in this case—were not caused by the defective equipment. Finally, we must recognize that in both cases, the plaintiffs bore the burden to allege facts showing that the malfunctioning communication equipment was "a substantial factor in causing the injury and

*without which the injury would not have occurred.*" *Ryder Integrated Logistics, Inc. v. Fayette County*, 453 S.W.3d 922, 929 (Tex. 2015) (internal quotation marks omitted, emphasis added).

Here, the appellants' petition did not contain any allegations that would support a conclusion that their injuries would not have occurred but for the defective radios. *See id.* The record before us thus compels a conclusion like the one the supreme court reached in *Sanchez*: that the shooter's actions proximately caused the appellants' injuries and the use or condition of the radios was too attenuated from that cause to support a waiver of immunity. *See Sanchez*, 494 S.W.3d at 726–27; *see also Smith v. Tarrant County*, 946 S.W.2d 496, 498–501 (Tex. App.—Fort Worth 1997, writ denied) (police officer's malfunctioning flashlight, which prevented officer from conducting a thorough search of plaintiff's home, did not proximately cause plaintiff's subsequent sexual assault by an intruder who was hiding in the home).

In summary, the gravamen of the appellants' petition was that DPS and Uvalde County improperly delayed in stopping the shooter. On this record, we quite frankly cannot disagree with that allegation. As fellow citizens of this State, we recognize that the appellants' position—that the law enforcement officers charged with protecting them should have done more to try to do so—is entirely reasonable. But as judges, we are bound by the maxim that "the waiver of governmental immunity is a matter addressed to the Legislature, not the courts." *Salazar v. Lopez*, 88 S.W.3d 351, 353 (Tex. App.—San Antonio 2002, no pet.). As written by the legislature and interpreted by the Texas Supreme Court, the TTCA provides that DPS and Uvalde County are immune from suit unless the appellants alleged that their injuries were proximately caused by the use or condition of tangible personal property. TEX. CIV. PRAC. & REM. CODE §§ 101.021(2), 101.025; *Miranda*, 133 S.W.3d at 224. For the reasons described above, we are bound by

controlling precedent to hold that the trial did not err by concluding that burden was not satisfied here. *See, e.g.*, *Dall. Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 543–44 (Tex. 2003).

### 2. Affirm or remand

Although we have concluded the appellants' petition did not establish a waiver of immunity, we must also determine whether the trial court erred by dismissing the appellants' lawsuit without allowing them to amend their pleadings. *See, e.g.*, *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 837 (Tex. 2007); *Miranda*, 133 S.W.3d at 226–27. "[W]hen a pleading cannot be cured of its jurisdictional defect, a plaintiff is not entitled to amend." *Koseoglu*, 233 S.W.3d at 837. In their briefing to this court, the appellants specifically requested an opportunity to amend as an alternative to outright dismissal.

As explained above, the appellants' pleadings alleged: (1) a claim of negligent implementation of policy, for which there is no independent waiver of governmental immunity, *see Maspero*, 640 S.W.3d at 532–33; (2) the non-use of property such as keys, door locks, law enforcement protective equipment and firearms, and radios/communication equipment, *see Friend*, 370 S.W.3d at 372–73; and/or (3) defects in law enforcement radios that did not proximately cause their injuries, *see Sanchez*, 494 S.W.3d at 726–27, *and Smith*, 946 S.W.2d at 498–501. We see nothing in the record to support a conclusion that the appellants could amend their petition to allege facts that would cure these jurisdictional defects. *See Koseoglu*, 233 S.W.3d at 837. Additionally, when we asked the appellants during oral argument to explain how they would amend their petition to cure these defects, they were not able to do so.

Furthermore, the Texas Supreme Court has held that "if a governmental entity has asserted in the trial court that it is immune and a plaintiff fails to allege or show facts demonstrating a waiver of immunity after having a reasonable opportunity to conduct discovery directed to the

issue and amend the pleadings, then the case should be dismissed." *Tex. Dep't of Crim. Just.-Cmty. Just. Assistance Div. v. Campos*, 384 S.W.3d 810, 815 (Tex. 2012) (per curiam). Here, the appellants amended their petition approximately a month after DPS filed its plea to the jurisdiction, and their amendments did not correct the jurisdictional deficiencies. The appellants also did not seek leave to conduct discovery on the jurisdictional issues.

On this record, we must conclude the trial court did not err by dismissing the appellants' lawsuit without allowing them an opportunity to replead. We therefore have no choice but to affirm the trial court's judgment. Because we have held the appellants did not plead a viable waiver of immunity, we need not address DPS's and Uvalde County's arguments that the appellants' claims are exempted from the TTCA's waiver. TEX. R. APP. P. 47.1.

## CONCLUSION

Under the current version of the Texas Tort Claims Act, the trial court had no choice but to conclude that Uvalde County and the Texas Department of Public Safety cannot be sued in this case. We lack authority to do anything other than affirm the trial court's order.

Lori I. Valenzuela, Justice