

# NUMBER 13-11-00750-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

JOHN J. BOLL, ET AL.,                                        Appellants,

v.

CAMERON APPRAISAL DISTRICT,                                   Appellee.

---

### On appeal from the 357th District Court
### of Cameron County, Texas.

---

# O P I N I O N

### Before Justices Rodriguez, Benavides and Longoria
### Opinion by Justice Benavides

We issued our original opinion in this cause on July 18, 2013. Cameron Appraisal District filed a motion for rehearing en banc. After due consideration, and within our plenary power, we *sua sponte* withdraw our previous opinion and judgment

and substitute the following opinion and accompanying judgment in their place.  *See* TEX. R. APP. P. 19.1.  The District's motion for rehearing en banc is denied as moot.

By one issue, appellants, John J. Boll and others similarly situated,[1] appeal the trial court's denial of their motion for attorney's fees under the Texas Uniform Declaratory Judgment Act (UDJA).  *See generally* TEX. CIV. PRAC. & REM. CODE ANN. §§ 37.001–.011 (West 2008).  We dismiss for lack of jurisdiction.

## I. BACKGROUND[2]

Appellants filed a petition for judicial review and for declaratory relief against appellee Cameron Appraisal District ("the District") regarding the District's assessment of taxes upon exempt mobile homes/park homes allegedly assessed in violation of Texas Tax Code section 11.14 and challenging the constitutionality of taxing those trailer homes.  *See* TEX. TAX CODE ANN. §§ 11.14 (West 2008), 41.41(a)(4) (West 2008); *see also* TEX. CONST. art. VIII, § 1(d)(2).  Appellants filed their petition under chapter 42 of the tax code, *see id.* § 42.01(a)(1)(A), and the UDJA, *see generally* TEX. CIV. PRAC. & REM. CODE ANN. §§ 37.001–.011 (West 2008).

Pursuant to this Court's ruling in *Rourk v. Cameron Appraisal District*, the District agreed that appellants were entitled to the exemptions under section 11.14.  *See* 305

---

[1] Named appellants are John J. Boll, Robert and Barbara Byrkit, Roberty D. and Alice Delaney, Virgil and Donna Dykstra, Duane C. Eich, Kenneth Figg, Loyd D. Graham, Jay and Mary Green, Donald and Henrietta Hashman, Dale and Marilyn Henderson, Leroy P. Henkemeyer, Robert and Sharon Kirkbride, Ray LeBrun, Donald and Wilma R. McFarland, Mrs. Roger (Julia) Meade, John and Lucy Morey, Frank and Janice Niese, Tommy and Linda Quick, Wayne E. and Shirley R. Sapaugh, Clem W. Smith, Dale and Dixie Spencer, Melvin Vanderhoff, Robert Vanthul, Ronald Vollrath, Leonard D. and Edith J. Walter, Don Basinger, Donna Brislawn, Henry and Maxine Estell, Marilyn D. Hammond, Hammond Owen Revocable Trust, C. Dewayne, and Carolyn J. Crawford.

[2] This opinion is a companion appeal with *Thora O. Rourk, et al. v. Cameron Appraisal Dist.*, Cause No. 13-11-00751-CV.

2

S.W.3d 231 (Tex. App.—Corpus Christi 2009, pet. denied) (*Rourk II*). The trial court signed a judgment effecting such agreement. However, the trial court denied appellants' request for attorney's fees under the UDJA.[3] This appeal ensued.

## II. ATTORNEY'S FEES

By their sole issue, appellants assert that the trial court erred by denying their motion for attorney's fees under the UDJA. *See generally* TEX. CIV. PRAC. & REM. CODE ANN. §§. 37.001–.011.

### A. Jurisdiction

As a preliminary matter, the District, as a political subdivision of the state, *see* TEX. TAX CODE ANN. § 6.01(c) (West 2008), asserts that it is immune from the present action under the UDJA because appellants' requested declaratory relief is "redundant" to the relief provided by the tax code.[4]

#### 1. Standard of Review and Applicable Law

A party asserting immunity to suit challenges the trial court's jurisdiction. *Harris County Hosp. Dist. v. Tomball Reg. Hosp.*, 283 S.W.3d 838, 842 (Tex. 2009). Sovereign immunity deprives a trial court of subject matter jurisdiction for lawsuits in which the state or certain governmental units have been sued unless the state consents to suit. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). We address questions of immunity de novo. *Id.*

---

[3] The trial court also denied attorney's fees under the tax code. Appellants do not challenge that ruling on appeal, and we therefore do not address it.

[4] Subject-matter jurisdiction is an issue that may be raised for the first time on appeal and may not be waived by the parties. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex.1993).

Under *City of El Paso v. Heinrich*, sovereign immunity bars UDJA actions against the state and its political divisions absent a legislative waiver. 284 S.W.3d 366, 373 (Tex. 2009). Concomitant to this rule, however, is the *ultra vires* exception, under which claims may be brought against a state official for non-discretionary acts unauthorized by law. *Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621 (Tex. 2011). In other words, a proper defendant in an *ultra vires* action is the state official whose acts or omissions allegedly trampled on a party's rights, not the state, or its political subdivisions, themselves. *Id.* (citing *Heinrich*, 284 S.W.3d at 372–73). Furthermore, the UDJA does not waive the state's sovereign immunity when the plaintiff seeks a declaration of his or her rights under a statute or other law. *Sefzik*, 355 S.W.3d at 621; *see Heinrich*, 284 S.W.3d at 372–73. This proposition is supported by the fact that the UDJA does not alter a trial court's jurisdiction because it is "merely a procedural device for deciding cases already within the trial court's jurisdiction." *Tex. Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 388 (Tex. 2011) (quoting *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993)). Accordingly, under the facts of this case, in order for the underlying action to survive an assertion of sovereign immunity, it must be one for which immunity has expressly been waived. *Sefzik*, 355 S.W.3d at 621.

### 2. Discussion

Appellants' claims under the UDJA in this case deal with the purported unconstitutional and unlawful taxation of their trailer homes. *See* Tex. Const. art. VIII, § 1(d)(2); Tex. Tax Code Ann. § 11.14 (West 2008). Additionally, appellants seek

attorney's fees pursuant to section 37.009 of the UDJA.   *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (West 2008).   Although the UDJA waives sovereign immunity, appellants' claims do not fall within the scope of these waivers.   *See, e.g., id.* § 37.006(b) (West 2008) (waiving immunity for claims challenging the validity of ordinances or statutes); *see also Heinrich*, 284 S.W.3d at 373 n. 6; *Tex. Educ. Agency v. Leeper*, 893 S.W.2d 432, 446 (Tex. 1994) ("The [UDJA] expressly provides that persons may challenge ordinances or statutes, and that governmental entities must be joined or notified.").   Appellants are not challenging the validity of a provision of the tax code; instead, they are challenging the Appraisal District's actions under it, and appellants do not direct us to any portion of the UDJA that expressly waives immunity for these claims. *See Sefzik*, 355 S.W.3d at 622.   And appellants did not sue any state officials. Accordingly, the trial court lacked jurisdiction to hear any of appellants' claims under the UDJA, including their claim for attorney's fees.

When we hold that a trial court is without subject-matter jurisdiction, we allow a plaintiff to replead if the defect can be cured.   *See Miranda*, 133 S.W.3d at 226–27. Appellants did not sue any state officials.   In *Sefzik*, the Texas Supreme Court gave the plaintiff an opportunity to cure the jurisdictional defects of his petition because Sefzik brought his claim pre-*Heinrich*, when the case law interpreting the *ultra vires* exception to the doctrine of sovereign immunity, as well as to who the property party was in a suit for declaratory remedy, was "less than clear."   *See Sefzik*, 355 S.W.3d at 623 (citing *Heinrich*, 284 S.W.3d at 373).   Here, appellants filed their petition for review and for declaratory relief on August 13, 2010, which is post-*Heinrich*.   Therefore, the pleadings

5

affirmatively negated the existence of jurisdiction, and appellants will not be given an opportunity to amend.

### III. CONCLUSION

We dismiss appellants' claims and relief sought under the UDJA, including the collection of attorney's fees for lack of jurisdiction.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
15th day of August, 2013.