

NUMBER 13-14-00021-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ARNOLD OCHOA,                                                          Appellant,

v.

THE CITY OF PALMVIEW,                                                  Appellee.

## On appeal from the 92nd District Court
## of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Benavides
### Memorandum Opinion by Justice Garza

In this accelerated appeal, appellant Arnold Ochoa challenges the trial court's

judgment granting a plea to the jurisdiction in favor of appellee, the City of Palmview,

Texas ("Palmview"), on the basis of governmental immunity. We affirm.

### I. BACKGROUND

Ochoa served as a patrolman with the Palmview Police Department beginning in

1995. According to Ochoa, in 2011, he was offered the vacant position of police chief in the nearby city of La Joya. Ochoa asserts that, in an attempt to retain him, the Palmview city council created a new position of Assistant Chief of Public Safety and offered that position to him. Ochoa accepted the Assistant Chief position and rejected the offer of employment from La Joya.

At the time, Ochoa also served on the school board for the La Joya Independent School District ("LJISD"). He ran for re-election to the school board in 2012 and was opposed by, among other candidates, the father of a Palmview city councilmember. Ochoa alleges that various City officials then "began an organized, orchestrated effort to unseat [him] and anyone perceived to be politically aligned with him." He alleges that the Palmview officials "issued an ultimatum: switch political parties, drop out of the race, or suffer a demotion." Ochoa did not drop out of the race, and in July of 2012, the city council demoted him to his prior position of Commander. Ochoa asserts that, in August of 2012, Hidalgo County Commissioner Joe Flores and Palmview City Manager Johnn Alaniz told him that he would be reinstated to his prior position of Assistant Chief if he dropped out of the school board election. Ochoa declined to do so. He later lost his bid for re-election to the school board in November of 2012.

Shortly after the election, Palmview Police Chief Christopher Barrera informed Ochoa that a "preliminary investigation" revealed that Ochoa had "misused a [Texas Alcoholic Beverage Commission ("TABC")] license for personal gain." In particular, Palmview officials asserted that Ochoa sold alcoholic drinks at a city festival in April of 2012 using a TABC license belonging to the local Crime Stoppers organization. According to Ochoa, Barrera told him that this was a crime and that, if Ochoa did not

2

resign, he would be arrested. Ochoa resigned on November 8, 2012.

Ochoa then brought suit against Palmview seeking declaratory and equitable relief as well as actual and exemplary damages.[1] Ochoa alleged that his resignation was a constructive termination and that: (1) the city council violated the Texas Open Meetings Act ("TOMA") by meeting and making decisions without notice to the public; (2) he was wrongfully terminated for exercising his free speech rights; and (3) he was wrongfully terminated for his refusal to perform an illegal act. The petition also brought claims of breach of contract and promissory estoppel.[2]

Palmview answered the suit by filing a "Plea to the Jurisdiction and Motion for Summary Judgment." In the motion, Palmview asserted: (1) Ochoa "has no evidence, or insufficient evidence," to establish a TOMA violation; (2) Ochoa "has not identified a constitutional violation" with respect to his free speech rights; (3) Ochoa "has no evidence to establish he was terminated for refusing to commit an illegal act"; (4) Ochoa "cannot establish the existence of a contract or a breach thereof"; and (5) governmental immunity bars Ochoa's fraudulent inducement and promissory estoppel claims. The motion was accompanied by excerpts of deposition testimony by Ochoa and Barrera as well as

---

[1] Ochoa also named Flores and Alaniz, among others, as defendants in his original petition. Ochoa's sixth amended petition named only Flores and Hidalgo County Judge Ramon Garcia as individual defendants. His seventh amended petition, filed after the plea to the jurisdiction hearing, named only Flores and Palmview as defendants. The individual defendants did not join in the plea to the jurisdiction and are not parties to this appeal.

Flores filed a motion with this Court seeking to lift the statutory stay on trial court proceedings which was triggered by Ochoa's appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(b) (West, Westlaw through 2013 3d C.S.) (providing that an interlocutory appeal of a plea to the jurisdiction ruling "stays all other proceedings in the trial court pending resolution of that appeal"). We will deny the motion as moot.

[2] Ochoa also brought claims of intentional infliction of emotional distress, tortious interference with a contract or prospective business relationships, fraudulent inducement, and conspiracy. Ochoa does not contend on appeal that the trial court erred in dismissing these claims for lack of jurisdiction; accordingly, we do not address them.

3

excerpts from Palmview's city charter and personnel policy manual. Ochoa filed a response to which he attached a full transcript of his deposition,[3] and Palmview filed a reply.

The trial court granted the plea to the jurisdiction[4] and this appeal followed.[5] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a) (West, Westlaw through 2013 3d C.S.) (permitting appeal of interlocutory order granting or denying a plea to the jurisdiction by a governmental unit); TEX. R. APP. P. 28.1(a) (providing that appeals from interlocutory orders, when allowed by statute, are accelerated).

## II. DISCUSSION

### A. Standard of Review

A plea to the jurisdiction is a dilatory plea used to defeat a cause of action without regard to whether the claims asserted have merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's subject matter

---

[3] Also attached to Ochoa's response were three audio recordings containing statements allegedly made by Ochoa, among other people. The recordings do not appear in the record before this Court. Palmview filed an objection to the recordings on the basis that the statements made therein were not authenticated or sworn to. Ochoa does not dispute that the statements made in the recordings were not authenticated or sworn to, but instead argues that Palmview waived any objection to the recordings because its objection was made three days after the plea to the jurisdiction hearing. However, the record reflects that the objection was filed on the same day as the hearing, November 22, 2013. In any event, "[t]he failure of an affidavit to be made on personal knowledge or specify how the affiant had personal knowledge of the facts asserted is a defect in substance, not form, and need not be objected to at trial to be a ground for reversal." *City of Wilmer v. Laidlaw Waste Sys. (Dallas), Inc.*, 890 S.W.2d 459, 467 (Tex. App.—Dallas 1994), *aff'd*, 904 S.W.2d 656 (Tex. 1995). Because it is undisputed that the audio recordings did not "specify how the affiant had personal knowledge of the facts asserted," *id.*, and because no objection at trial was necessary to preserve this issue, *see id.*, we conclude that the audio recordings were inadmissible as evidence on the jurisdiction issue, and we do not consider them in our analysis.

[4] The trial court initially rendered an order granting both the plea to the jurisdiction and the motion for summary judgment. Subsequently, the trial court rendered a corrected order granting only the plea to the jurisdiction. Palmview's summary judgment motion is therefore not before us.

[5] Palmview's appellate brief lists eleven "Issues Presented for Review" which do not correspond to the six issues enumerated in Ochoa's brief. We note that, "[w]hen practicable, the appellee's brief should respond to the appellant's issues or points in the order the appellant presented those issues or points." TEX. R. APP. P. 38.2(a)(2).

4

jurisdiction. *Id.*; *see Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). Whether a trial court has subject matter jurisdiction and whether the pleader has alleged facts that affirmatively demonstrate the trial court's subject matter jurisdiction are questions of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex. 2002).

The plaintiff has the initial burden to plead facts affirmatively showing that the trial court has jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993); *Univ. of N. Tex. v. Harvey*, 124 S.W.3d 216, 220 (Tex. App.—Fort Worth 2003, pet. denied). We construe the pleadings liberally in favor of the pleader, look to the pleader's intent, and accept as true the factual allegations in the pleadings. *See Miranda*, 133 S.W.3d at 226, 228; *City of Fort Worth v. Crockett*, 142 S.W.3d 550, 552 (Tex. App.—Fort Worth 2004, pet. denied).

If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do, even when the evidence implicates the merits of the cause of action. *Miranda*, 133 S.W.3d at 227; *Blue*, 34 S.W.3d at 555; *see City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2009). A review of a plea to the jurisdiction challenging the existence of jurisdictional facts mirrors that of a traditional motion for summary judgment. *Miranda*, 133 S.W.3d at 228. The governmental unit is required to meet the summary judgment standard of proof for its assertion that the trial court lacks jurisdiction. *Id.* Once the governmental unit meets its burden, the plaintiff is then required to show that there is a disputed material fact regarding

5

the jurisdictional issue. *Id.* If the evidence creates a fact question regarding jurisdiction, the trial court must deny the plea to the jurisdiction and leave its resolution to the fact finder. *Id.* at 227–28. But, if the evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228. In considering this evidence, we "take as true all evidence favorable to the nonmovant" and "indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Id.*

If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction, but do not affirmatively demonstrate incurable defects in jurisdiction, the plaintiff should be afforded the opportunity to amend its pleadings. *Miranda*, 133 S.W.3d at 226–27. Further, a defendant cannot simply deny the existence of jurisdictional facts and force the plaintiff to raise a fact issue. *See Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 207 (Tex. 2002). In other words, a defendant may not advance a "no-evidence" plea to the jurisdiction. *See id.*; *cf.* TEX. R. CIV. P. 166a(i) (allowing for no-evidence motion for summary judgment).

## B.    Applicable Law

The doctrine of sovereign immunity provides that "no state can be sued in her own courts without her consent, and then only in the manner indicated by that consent." *Tooke v. City of Mexia*, 197 S.W.3d 325, 331 (Tex. 2006) (citing *Hosner v. DeYoung*, 1 Tex. 764, 769 (1847)). Governmental immunity operates like sovereign immunity to afford similar protection to subdivisions of the State such as cities. *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004).

In Texas, governmental immunity has two components:  (1) immunity from liability,

6

which bars enforcement of a judgment against a governmental entity; and (2) immunity from suit, which bars suit against the entity altogether. *Tooke*, 197 S.W.3d at 332. Immunity from liability is an affirmative defense that must be pleaded or else is waived. *Kinnear v. Tex. Comm'n on Human Rights*, 14 S.W.3d 299, 300 (Tex. 2000). Immunity from suit, on the other hand, deprives a court of subject matter jurisdiction. *Miranda*, 133 S.W.3d at 224. Governmental immunity from suit may be waived only by "clear and unambiguous" statutory language. *Id.* at 332–33; *see* TEX. GOV'T CODE ANN. § 311.034 (West, Westlaw through 2013 3d C.S.) ("In order to preserve the legislature's interest in managing state fiscal matters through the appropriations process, a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language.").

## C. Analysis

### 1. Declaratory Judgment Action

The Uniform Declaratory Judgments Act ("UDJA") generally permits a person who is interested in a deed, or whose rights, status, or other legal relations are affected by a statute, to obtain a declaration of rights, status, or other legal relations thereunder. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a) (West, Westlaw through 2013 3d C.S.). Certain claims brought under the UDJA, such as those alleging that a state official acted without legal or statutory authority, are not barred by immunity because they merely seek to compel state officers to act within their official capacity and do not attempt to subject the State to liability. *See IT–Davy*, 74 S.W.3d at 855. However, the UDJA is not a general waiver of sovereign immunity and generally does not alter a trial court's jurisdiction. *Tex. Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 388 (Tex. 2011). Rather, the

7

UDJA is "merely a procedural device for deciding cases already within a court's jurisdiction." *Id.* (citing *Tex. Ass'n of Bus.*, 852 S.W.2d at 444). Moreover, a litigant's couching its requested relief in terms of declaratory relief does not alter the underlying nature of the suit; consequently, immunity will bar an otherwise proper UDJA claim that has the effect of establishing a right to relief against the State for which the Legislature has not waived sovereign immunity. *Id.* (citing *City of Houston v. Williams*, 216 S.W.3d 827, 828–29 (Tex. 2007) (per curiam)).

Ochoa sought a declaratory judgment stating that his resignation was in fact a constructive termination brought about by actions of the city council which were invalid because they failed to comply with TOMA. *See* TEX. GOV'T CODE ANN. § 551.002 (West, Westlaw through 2013 3d C.S.). He also sought a declaration that he was impermissibly terminated for his refusal to perform an illegal act, *see Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733, 735 (Tex. 1985) (holding that "public policy . . . requires a very narrow exception to the employment-at-will doctrine . . . cover[ing] only the discharge of an employee for the sole reason that the employee refused to perform an illegal act"), and that the city's actions violated his right to freedom of speech. *See* TEX. CONST. art. I, § 8.

### a. Open Meetings Act Violation

By his first issue, Ochoa asserts that the trial court erred in granting Palmview's plea to the jurisdiction with respect to his TOMA claim. We disagree.

Palmview asserted in its plea to the jurisdiction that Ochoa failed to allege facts that would establish a violation of the statute. Under TOMA, "[e]very regular, special, or called meeting of a governmental body shall be open to the public, except as provided by this chapter." TEX. GOV'T CODE ANN. § 551.002. The statute defines "governmental body"

8

as including a "municipal governing body in the state" and "meeting" as:

(A)     a deliberation between a quorum of a governmental body, or between a quorum of a governmental body and another person, during which public business or public policy over which the governmental body has supervision or control is discussed or considered or during which the governmental body takes formal action; or

(B)     except as otherwise provided by this subdivision, a gathering:

   (i)     that is conducted by the governmental body or for which the governmental body is responsible;

   (ii)    at which a quorum of members of the governmental body is present;

   (iii)   that has been called by the governmental body; and

   (iv)    at which the members receive information from, give information to, ask questions of, or receive questions from any third person, including an employee of the governmental body, about the public business or public policy over which the governmental body has supervision or control.

The term does not include the gathering of a quorum of a governmental body at a social function unrelated to the public business that is conducted by the body, or the attendance by a quorum of a governmental body at a regional, state, or national convention or workshop, ceremonial event, or press conference, if formal action is not taken and any discussion of public business is incidental to the social function, convention, workshop, ceremonial event, or press conference.

The term includes a session of a governmental body.

*Id.* § 551.001(3)(C), (4) (West, Westlaw through 2013 3d C.S.).

We have reviewed Ochoa's pleadings and we can discern no factual allegations that, even if taken as true, *see Miranda*, 133 S.W.3d at 226, 228, would support a TOMA violation. Ochoa alleges that there was a meeting at which Hidalgo County Judge Ramon Garcia declared his intent to sue LJISD,[6] and that there was a separate meeting at which

---

[6] Specifically, Ochoa alleged:

9

various Palmview city councilmembers and other elected officials informed Ochoa that he would be reinstated to his old position if he withdrew from the LJISD board election. Ochoa's petition also alleged that "[i]t was made very clear that the City Commissioners had made the decision [to threaten Ochoa] prior to any formal or open meeting." However, these allegations do not establish that any "meeting" took place, as defined by the statute, at which a quorum of city councilmembers were present or during which public policy was discussed or formal action taken. *See* TEX. GOV'T CODE ANN. § 551.001(4).

Additionally, even if Ochoa alleged facts establishing that a meeting subject to TOMA took place, the Texas Supreme Court has held that "the UDJA does not waive the state's sovereign immunity when the plaintiff seeks a declaration of his or her rights under a statute or other law." *Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621 (Tex. 2011); *see City of McKinney v. Hank's Rest. Grp., L.P.*, 412 S.W.3d 102, 112 (Tex. App.—Dallas 2013, no pet.); *Boll v. Cameron Appraisal Dist.*, No. 13-11-00750-CV, 2013 WL 4187756, at *2 (Tex. App.—Corpus Christi Aug. 15, 2013, no pet.). In *Sefzik*, the Texas Supreme Court noted that "the state may be a proper party to a declaratory judgment action that challenges the validity of a statute." 355 S.W.3d 618, 622 (Tex. 2011). The Legislature "clear[ly] and unambiguous[ly]" waived immunity for such suits "because the UDJA expressly requires joinder of the governmental unit" in those cases. *Id.* at 622 n.3 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 37.006(b) ("In any proceeding that involves the

Ramon Garcia stated at one of the first meetings to solicit clients to sue the La Joya Independent School District made clear statements [sic] that he intended to use the lawsuit to get people out of the School District and put "their" . . . people into positions at the School District. Defendant Garcia went on to say that he thought the lawsuit was a good way to get . . . their . . . agenda furthered. Several people at this meeting were offended by the blatant malicious purpose behind the lawsuit.

10

validity of a municipal ordinance or franchise, the municipality must be made a party . . . .")). The plaintiff in *Sefzik*, however, did not challenge the validity of a statute; rather, he challenged the state's actions under it. *See id.* at 622. Therefore, there was no express waiver of immunity with respect to his claim. *See id.* Similarly, Ochoa is not challenging the validity of TOMA but is instead seeking a declaration of his rights under that statute. Under *Sefzik*, Palmview is immune to that type of claim. *See id.* at 621.

For the foregoing reasons, we conclude that Ochoa did not satisfy his initial burden to plead facts affirmatively showing that the trial court has jurisdiction as to his TOMA claim. *See Tex. Ass'n of Bus.*, 852 S.W.2d at 446. We overrule Ochoa's first issue.

### b. Violation of Right to Freedom of Speech

By his second issue, Ochoa asserts that the trial court erred in granting the plea to the jurisdiction as to his claim for violation of his right to freedom of speech.

Article I, section 8 of the Texas Constitution provides in part that "[e]very person shall be at liberty to speak, write or publish his opinions on any subject, being responsible for the abuse of that privilege . . . ." TEX. CONST. art. I, § 8. There is no implied private right of action for damages arising under this provision. *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 147 (Tex. 1995). However, equitable relief may be available. *See id.* at 149 ("[S]uits for equitable remedies for violation of constitutional rights are not prohibited."). Ochoa's claim for violation of his free speech rights was set forth in his live petition as follows:

> Plaintiff's conduct complained [of] by the City of Palmview and for which plaintiff's employment and or position was terminated consisted of the Plaintiff refusing to . . . be bribed or black mailed to change his vote on political issues regarding the La Joya School Board. The individual Defendants acted intentionally and conspired with one another to cause the Plaintiff harm. Plaintiff's exercise of free speech is a right protected by the

11

Texas Constitution, Article I, Section 8. Accordingly, plaintiff's termination violated plaintiff's free speech rights and was not conduct for which plaintiff's employment can be legally terminated.

Ochoa argues on appeal that his petition requested only equitable relief, not damages, with respect to this claim. *See id.* In addition to actual and exemplary damages, Ochoa's live petition requested "Specific Relief" including an "injunction [prohibiting] the Defendant from engaging in unlawful employment practices as defined in the Texas Labor Code" and "[reinstatement] to the position and pay grade which Plaintiff held but for the unlawful employment actions of Defendant." The petition did not state which specific causes of action corresponded to these requests for relief.

Even assuming that Ochoa sought only equitable relief with respect to this claim, we agree with Palmview that Ochoa failed to allege facts that affirmatively demonstrate the trial court's jurisdiction as to this claim. Suits seeking to require state officials to comply with statutory or constitutional provisions are not prohibited by sovereign immunity. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009). Under this *ultra vires* exception to immunity, a suit must allege that the officer acted without legal authority or failed to perform a purely ministerial act. *Id.* However, "the proper defendant in an *ultra vires* action is the state official whose acts or omissions allegedly trampled on the plaintiff's rights, not the state agency itself." *Sefzik*, 355 S.W.3d at 620; *see Heinrich*, 284 S.W.3d at 373 (holding that suits alleging *ultra vires* actions by government officials "cannot be brought against the state, which retains immunity, but must be brought against the state actors in their official capacity" and noting that "[t]his is true even though the suit is, for all practical purposes, against the state"). Further, the *ultra vires* exception to immunity permits only prospective declaratory or injunctive relief restraining *ultra vires*

12

conduct, as opposed to retroactive relief. *See Heinrich*, 284 S.W.3d at 374 ("[C]laims for prospective injunctive relief are permissible, while claims for retroactive relief are not," because the latter type of relief is "'in practical effect indistinguishable in many aspects from an award of damages against the State.'" (quoting *Edelman v. Jordan*, 415 U.S. 651, 668 (1974)).

The *ultra vires* claims at issue in this appeal were brought against a subdivision of the state, not a state official in his or her official or individual capacity. *See id.* at 373; *Sefzik*, 355 S.W.3d at 620 (holding that immunity was not waived in part because the plaintiff "did not sue any state official"). Moreover, Ochoa's request for reinstatement constituted a demand for retroactive relief, which is generally unavailable in *ultra vires* suits. *See Heinrich*, 284 S.W.3d at 374. Finally, though Ochoa requested an injunction restraining Palmview "from engaging in unlawful employment practices as defined in the Texas Labor Code," he did not identify any provision of the Texas Labor Code that was violated. For these reasons, we conclude that Ochoa failed to satisfy his initial burden to plead facts affirmatively showing that the trial court has jurisdiction with respect to his free speech claim. *See Tex. Ass'n of Bus.*, 852 S.W.2d at 446. His second issue is overruled.

### c.      Termination for Refusal to Perform an Illegal Act

By his third issue, Ochoa asserts that the trial court erred in granting the plea to the jurisdiction as to his claim for wrongful termination for refusal to perform an illegal act.

The general rule in Texas is that absent a specific agreement to the contrary, employment may be terminated by either the employer or the employee at will, for good cause, bad cause, or no cause at all. *See, e.g., Safeshred, Inc. v. Martinez*, 365 S.W.3d 655, 659 (Tex. 2012). In *Sabine Pilot Service, Inc. v. Hauck*, the Texas Supreme Court

13

recognized a "narrow exception" to the employment-at-will doctrine covering "only the discharge of an employee for the sole reason that the employee refused to perform an illegal act." 687 S.W.2d 733, 735 (Tex. 1985); *see Safeshred, Inc.*, 365 S.W.3d at 659. However, *Sabine Pilot* involved only non-governmental employees, and Texas courts have declined to extend the *Sabine Pilot* exception to governmental employees. *See Midland Indep. Sch. Dist. v. Watley*, 216 S.W.3d 374, 376 (Tex. App.—Eastland 2006, no pet.); *Salazar v. Lopez*, 88 S.W.3d 351, 353 (Tex. App.—San Antonio 2002, no pet.); *Univ. of Tex. Med. Branch at Galveston v. Hohman*, 6 S.W.3d 767, 777 (Tex. App.— Houston [1st Dist.] 1999, pet. dism'd w.o.j.); *Carroll v. Black*, 938 S.W.2d 134, 134–35 (Tex. App.—Waco 1996, writ denied)); *see also Tex. State Office of Admin. Hearings v. Birch*, No. 04-12-00681-CV, 2013 WL 3874473, at *1 (Tex. App.—San Antonio July 24, 2013, pet. denied) (mem. op.); *Nueces Cnty. v. Thornton*, No. 13–03–011–CV, 2004 WL 396608, at *5 (Tex. App.—Corpus Christi Mar. 4, 2004, no pet.) (mem. op.). Instead, courts have held that a governmental entity retains its sovereign immunity when an employee raises a common law *Sabine Pilot* cause of action. *See Salazar*, 88 S.W.3d at 353.

Ochoa has not directed us to any authority establishing that governmental immunity is waived for a wrongful termination claim under *Sabine Pilot*. Therefore, we conclude that Ochoa has failed to plead facts affirmatively showing the trial court's jurisdiction as to this claim. *See Tex. Ass'n of Bus.*, 852 S.W.2d at 446. We overrule his third issue.

### 2. Breach of Contract and Promissory Estoppel Claims

By his fourth and fifth issues, Ochoa asserts that the trial court erred by granting

14

the plea to the jurisdiction as to his breach of contract and promissory estoppel claims, respectively. Ochoa's live petition alleged that Palmview "has failed to perform his [sic] contractual obligations, specifically, it breached it [sic] contract which it entered to employ the Plaintiff as the Assistant Chief of the Department of Public Safety." He requested contractual damages, specific performance, as well as "the costs incurred by Plaintiff in detrimental reliance on the promise of the Defendant."

Section 271.152 of the Texas Local Government Code provides a limited waiver of immunity for contract claims. The statute provides:

> A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this subchapter.

TEX. LOC. GOV'T CODE ANN. § 271.152 (West, Westlaw through 2013 3d C.S.). A "contract subject to this subchapter" is defined as "a written contract stating the essential terms of the agreement for providing goods or services to the local governmental entity that is properly executed on behalf of the local governmental entity." *Id.* § 271.151(2) (West, Westlaw through 2013 3d C.S.). A municipality such as Palmview is a "local government entity" for purposes of the statute. *See id.* § 271.151(3)(A).

Ochoa's live petition makes no mention of a written contract. To the extent Ochoa based his breach of contract claim on an oral contract, there is no waiver of immunity. *See id.* § 271.151(2) (stating that a "contract subject to this subchapter" must be, among other things, "written"). On appeal, Ochoa appears to argue that the Palmview ordinance merging its police and fire departments into a unified Department of Public Safety constitutes a "contract subject to this subchapter" under the statute. However, this

15

allegation was not made in Ochoa's pleadings before the trial court.

Even assuming, but not deciding, that the Palmview ordinance constitutes a "contract subject to this subchapter" under section 271.151 of the local government code, we nevertheless conclude that Ochoa has failed to plead facts affirmatively showing the trial court's jurisdiction as to this claim. In particular, as noted, the general rule is that, absent a specific agreement to the contrary, employment may be terminated by either the employer or the employee at will, for good cause, bad cause, or no cause at all. *See, e.g., Matagorda Cnty. Hosp. Dist.*, 189 S.W.3d at 739. Ochoa does not contend that the ordinance at issue constituted a "specific agreement" limiting Palmview's right, as an at-will employer, to terminate Ochoa with or without cause. Accordingly, even assuming that the ordinance was a "a written contract stating the essential terms of the agreement for providing goods or services to the local governmental entity that is properly executed on behalf of the local governmental entity," TEX. LOC. GOV'T CODE ANN. § 271.151(2), Ochoa has not pleaded facts which, if proven, would establish that Palmview breached that contract. His fourth issue is therefore overruled.

We reach the same conclusion as to Ochoa's promissory estoppel claim. Promissory estoppel is a defensive theory that estops a promisor from denying the enforceability of a promise. *Corpus Christi Day Cruise, LLC v. Christus Spohn Health Sys. Corp.*, 398 S.W.3d 303, 311 (Tex. App.—Corpus Christi 2012, pet. denied). It requires evidence of (1) a promise, (2) foreseeability of reliance thereon by the promisor, and (3) substantial reliance by the promisee to his detriment. *Id.* (citing *Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675, 686 n. 25 (Tex. 2002)). To support a finding of promissory estoppel, the purported promise must be sufficiently specific and definite such

16

that it would be reasonable for the promisee to rely upon it as a commitment to future action. *Id.* (citing *Allied Vista, Inc. v. Holt*, 987 S.W.2d 138, 141–42 (Tex. App.—Houston [14th Dist.] 1999, pet. denied)). The purported promise also must be more than mere speculation concerning future events, a statement of hope, or an expression of opinion, expectation, or assumption. *Id.* (citing *Esty v. Beal Bank S.S.B.*, 298 S.W.3d 280, 305 (Tex. App.—Dallas 2009, no pet.)).[7]

Ochoa's promissory estoppel claim appears to be based on his allegation that Palmview, by creating the new position of Assistant Chief of Public Safety, induced him to accept that position and reject an offer of employment from the city of La Joya. However, his petition does not identify what promise, if any, Palmview failed to comply with. The petition does not allege that Palmview committed to employ Ochoa as Assistant Chief for a particular period of time; nor, as we have noted, did the petition allege that any contract existed restricting Palmview's right as an at-will employer to terminate Ochoa's employment for any cause or no cause. The facts alleged, even if taken as true, do not support a finding that Palmview made a "sufficiently specific and definite" promise such that it would be reasonable for Ochoa to have relied upon it. *See id.* Accordingly, Ochoa has not alleged facts affirmatively supporting jurisdiction as to this claim. We overrule Ochoa's fifth issue.

---

[7] The general rule is that, when a municipality is exercising its governmental powers, it is not subject to estoppel. *City of Hutchins v. Prasifka*, 450 S.W.2d 829, 835 (Tex. 1970); *Donna Indep. Sch. Dist. v. Gracia*, 286 S.W.3d 392, 395–96 (Tex. App.—Corpus Christi 2008, no pet.). However, a municipality may be estopped in certain cases where justice requires the application of estoppel and there is no interference with the exercise of the municipality's governmental functions. *City of Hutchins*, 450 S.W.2d at 836. This very narrow exception is to be applied with caution and only in exceptional cases where the circumstances clearly demand its application to prevent manifest injustice. *City of White Settlement v. Super Wash, Inc.*, 198 S.W.3d 770, 774 (Tex. 2006). Because of our conclusion herein that Ochoa failed to allege facts supporting jurisdiction, we need not determine whether this very narrow exception applies. *See* TEX. R. APP. P. 47.1.

### 3.  Opportunity to Replead

By his sixth issue, Ochoa contends that, in the event we find that his pleadings were insufficient to establish jurisdiction, we "must allow [him] the opportunity to amend his pleadings if he can cure any defect."  *See Miranda*, 133 S.W.3d at 226–27 ("If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiffs should be afforded the opportunity to amend.").  We will address Ochoa's causes of action individually, beginning with his constitutional *ultra vires* claim.

In *Sefzik*, the supreme court allowed the plaintiff to replead because, although he failed to sue any state officials in his *ultra vires* suit, the claims were brought prior to the *Heinrich* decision, when the law was "'less than clear' as to who the proper party was in a suit for declaratory remedy, as well as [to] the parameters of the *ultra vires* exception to the doctrine of sovereign immunity."  *Sefzik*, 355 S.W.3d at 623; *see Rourk v. Cameron Appraisal Dist.*, No. 13-11-00751-CV, 2013 WL 4188239, at *2 (Tex. App.—Corpus Christi Aug. 15, 2013, no pet.) (mem. op.) (same).  Here, Ochoa initially filed suit on September 5, 2012, more than three years after *Heinrich* was decided.  In any event, Palmview is the only appellee in this appeal, and this defect is incurable as to Palmview because it is a subdivision of the state, not a state actor.  *See Heinrich*, 284 S.W.3d at 373 (holding that suits alleging *ultra vires* actions by government officials "cannot be brought against the state, which retains immunity, but must be brought against the state actors in their official capacity").  Therefore, Ochoa's pleadings concerning his constitutional *ultra vires* claim are incurably defective.

18

Similarly, the defect in Ochoa's wrongful termination pleadings are incurable as to Palmview because, as set forth above, the *Sabine Pilot* exception to the at-will employment doctrine has not been recognized in the case of government employees. *See Watley*, 216 S.W.3d at 376; *Salazar*, 88 S.W.3d at 353; *Hohman*, 6 S.W.3d at 777; *Carroll*, 938 S.W.2d at 134–35.

Next, with respect to the TOMA claim, Ochoa stated in his deposition that the meeting at which Palmview allegedly took the decision to threaten him was attended by City Manager Alaniz and three city councilmembers. However, the Home Rule Charter for the City of Palmview, which was attached as an exhibit to Palmview's plea to the jurisdiction, states that "[a] quorum shall consist of four (4) members: Mayor and three (3) Councilmembers, or four (4) Council members." *See* TEX. GOV'T CODE ANN. § 551.001(6) (defining "quorum" as "a majority of a governmental body, unless defined differently by applicable law or rule or the charter of the governmental body"). The defects in Ochoa's TOMA pleadings are incurable because, even if the version of events he testified to at his deposition is taken as true, no "meeting" as defined by TOMA ever took place. *See id.* § 551.001(4)(A), (4)(B)(ii) (defining "meeting" to require the presence of a quorum of the governmental body).

Finally, with respect to Ochoa's breach of contract and promissory estoppel claims, we also find that the pleadings are incurably defective. The basis of the breach of contract claim is that the city ordinance establishing Palmview's Department of Public Safety constituted a written contract, but as noted, there is no indication that the ordinance was a "specific agreement" to abridge Palmview's right, as an at-will employer, to terminate Ochoa without cause. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840

19

(Tex. 2007) ("Remanding this case would serve no legitimate purpose because Koseoglu's underlying claim is a breach of contract claim. Merely pleading more facts in support of the breach of contract claim will not overcome Texas A & M's immunity from suit."). As to the promissory estoppel claim, there is no indication in either the pleadings or the evidence that Palmview failed to comply with any promise to employ Ochoa for a particular amount of time or that Palmview's rights as an at-will employer were restricted in any way. We therefore find that remand for repleading on this claim would serve no legitimate purpose. *See id.*

We overrule Ochoa's sixth issue.

### III. CONCLUSION

The trial court's judgment is affirmed. All pending motions filed in this cause are hereby denied as moot.

DORI CONTRERAS GARZA,
Justice

Delivered and filed the
19th day of June, 2014.