

NUMBER 13-13-00396-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

| | |
|---|---|
| **TEXAS DEPARTMENT OF PUBLIC SAFETY,** | **Appellant,** |
| **v.** | |
| **MICHAEL L. BERNOUDY JR.,** | **Appellee.** |

### On appeal from the 201st District Court of Travis County, Texas.

# MEMORANDUM OPINION

### Before Justices Garza, Perkes and Longoria
### Memorandum Opinion by Justice Garza

Appellee, Michael L. Bernoudy Jr., filed suit seeking a declaration that he is not required to register as a sex offender under chapter 62 of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. ch. 62 (West, Westlaw through 2013 3d C.S.). The trial court denied a motion to dismiss for lack of jurisdiction filed by appellant, the Texas

Department of Public Safety ("DPS"), and it later granted summary judgment in favor of Bernoudy. DPS argues on appeal[1] that the trial court (1) lacked subject matter jurisdiction, and (2) erred by rendering summary judgment in favor of Bernoudy. We reverse and render a judgment of dismissal.

## I. BACKGROUND

On May 26, 1998, Bernoudy was convicted in Louisiana of the felony offense of carnal knowledge of a juvenile. At the time, Louisiana law defined the offense as follows:

> Carnal knowledge of a juvenile is committed when: . . . [a] person over the age of seventeen has sexual intercourse, with consent, with any person of the age of twelve years or more, but under the age of seventeen years, when there is an age difference of greater than two years between the two persons and the victim is not the spouse of the offender . . . .

1995 La. Sess. Law Serv. Act 241 (West) (current version at LA. REV. STAT. ANN. § 14:80 (West, Westlaw through 2013 R.S.)). Bernoudy was sentenced to two years' imprisonment.[2]

After completing his sentence in May of 2000, Bernoudy received a "first offender pardon" pursuant to Louisiana law. *See* LA. REV. STAT. ANN. § 15:572(B)(1) (West, Westlaw through 2013 R.S.) ("A first offender never previously convicted of a felony shall be pardoned automatically upon completion of his sentence without a recommendation of the Board of Pardons and without action by the governor.").

Bernoudy then sought expunction of his arrest and conviction records. On

---

[1] This appeal was transferred from the Third Court of Appeals pursuant to a docket equalization order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2013 3d C.S.).

[2] Bernoudy states in his petition that he was sentenced to one year of community supervision. However, a letter from the Louisiana Department of Public Safety and Corrections, which was attached to Bernoudy's summary judgment motion, states that he was sentenced to two years' imprisonment. In any event, it is undisputed that Bernoudy completed his sentence in May of 2000.

December 4, 2000, the First Judicial District Court of Caddo Parish, Louisiana, rendered an order expunging the records of Bernoudy's 2008 arrest and conviction. *See* LA. REV. STAT. ANN. § 44:9(B)(1) (West, Westlaw through 2013 R.S.).[3] On September 27, 2007, the same court rendered an order denying a petition for writ of mandamus brought by Bernoudy[4] and instead declaring that the December 4, 2000 expunction order was "an absolute nullity under Louisiana law and has no legal effect."[5]

After he completed his sentence, Bernoudy moved to Harrison County, Texas. He filed the instant suit in 2009, seeking a "judgment exempting him from having to register as a sex offender and relieving him of all registration requirements."[6] DPS filed a "Motion

---

[3] The Louisiana statute governing expunction of records states:

Any person who has been arrested for the violation of a felony offense . . . may make a written motion to the district court for the parish in which he was arrested for the expungement of the arrest record if:

(a)      The district attorney declines to prosecute, or the prosecution has been instituted, and such proceedings have been finally disposed of by acquittal, dismissal, or sustaining a motion to quash; and

(b)      The record of arrest and prosecution for the offense is without substantial probative value as a prior act for any subsequent prosecution.

LA. REV. STAT. ANN. § 44:9(B)(1) (West, Westlaw through 2013 R.S.). It is unclear whether or how Bernoudy's first offender pardon allowed him to seek expunction under this statute. *See id.* § 44.9(b)(1)(a).

[4] The record does not indicate what specific relief Bernoudy requested in his petition for writ of mandamus in the Louisiana trial court.

[5] We note that, under Louisiana law, a "first offender pardon" does not relieve a person of the duty to register as a sex offender in that state. *See* LA. REV. STAT. ANN. § 15:572(B)(2) (West, Westlaw through 2013 R.S.) ("No person convicted of a sex offense as defined in R.S. 15:541 . . . shall be exempt from the registration requirements of R.S. 15:542.1 et seq., as a result of a pardon under the provisions of this Subsection."); *id.* § 15:541(24)(a) (West, Westlaw through 2013 R.S.) (defining "sex offense" as including "deferred adjudication, adjudication withheld, or conviction for the perpetration or attempted perpetration of[, *inter alia*,] R.S. 14:80 (felony carnal knowledge of a juvenile)").

[6] Bernoudy initially filed suit against the Harrison County District Attorney and the Texas State University Police Department in the 71st District Court in Harrison County. He later non-suited those defendants, named the DPS as a defendant, and obtained a transfer of the case to the 201st District Court in Travis County.

to Dismiss for Lack of Jurisdiction" asserting that Bernoudy's suit was barred by the doctrine of sovereign immunity. Bernoudy filed a motion for summary judgment contending that he was entitled to judgment as a matter of law. The trial court denied both motions.

Meanwhile, Bernoudy continued to litigate the validity of his expunction in Louisiana. Eventually, on January 9, 2013, the Louisiana trial court reversed itself again, rendering an order declaring the 2000 expunction order to be valid and stating that "the September 27, 2007 order denying [Bernoudy]'s writ of mandamus had no effect on the validity of the aforementioned expungement."

On January 17, 2013, Bernoudy filed a second motion for summary judgment in the instant case, this time including the newly-issued order from the Louisiana court declaring his expunction valid. DPS responded by arguing that Bernoudy is not exempt from registration because his pardon was automatic and was not based on a finding of innocence. *See* TEX. CODE CRIM. PROC. ANN. art. 62.002 (providing that a duty to register as a sex offender is not affected by a pardon unless the pardon is based on "subsequent proof of innocence"). The trial court granted Bernoudy's motion and rendered summary judgment declaring that he is not required to register as a sex offender under article 62. This appeal followed.

## II. JURISDICTION

By its first issue, DPS argues that it is immune to Bernoudy's suit and, therefore, the trial court erred in denying its motion to dismiss for lack of jurisdiction.

4

## A.    Standard of Review

Whether a trial court has subject matter jurisdiction and whether the pleader has alleged facts that affirmatively demonstrate the trial court's subject matter jurisdiction are questions of law that we review de novo.  *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex. 2002).

The plaintiff has the initial burden to plead facts affirmatively showing that the trial court has jurisdiction.  *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993); *Univ. of N. Tex. v. Harvey*, 124 S.W.3d 216, 220 (Tex. App.—Fort Worth 2003, pet. denied).  We construe the pleadings liberally in favor of the pleader, look to the pleader's intent, and accept as true the factual allegations in the pleadings.  *See Miranda*, 133 S.W.3d at 226, 228; *City of Fort Worth v. Crockett*, 142 S.W.3d 550, 552 (Tex. App.—Fort Worth 2004, pet. denied).[7]

## B.    Applicable Law

The doctrine of sovereign immunity provides that "no state can be sued in her own courts without her consent, and then only in the manner indicated by that consent."  *Tooke v. City of Mexia*, 197 S.W.3d 325, 331 (Tex. 2006) (citing *Hosner v. DeYoung*, 1 Tex. 764, 769 (1847)).  The doctrine is applicable to agencies of state government such as the DPS.  *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003).

In Texas, sovereign immunity has two components:  (1) immunity from liability,

---

[7] If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do, even when the evidence implicates the merits of the cause of action.  *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000); *see City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2009).  Here, DPS's motion to dismiss for lack of jurisdiction challenges the sufficiency of Bernoudy's pleadings, not the existence of jurisdictional facts.  Therefore, we consider only the pleadings in determining the jurisdiction issue.

which bars enforcement of a judgment against a sovereign entity, and (2) immunity from suit, which bars suit against the entity altogether. *Tooke*, 197 S.W.3d at 332. Immunity from liability is an affirmative defense that must be pleaded or else is waived. *Kinnear v. Tex. Comm'n on Human Rights*, 14 S.W.3d 299, 300 (Tex. 2000). Immunity from suit, on the other hand, deprives a court of subject matter jurisdiction. *Miranda*, 133 S.W.3d at 224. Sovereign immunity from suit may be waived only by "clear and unambiguous" statutory language. *Id.* at 332–33; *see* TEX. GOV'T CODE ANN. § 311.034 (West, Westlaw through 2013 3d C.S.) ("In order to preserve the legislature's interest in managing state fiscal matters through the appropriations process, a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language.").

> The Uniform Declaratory Judgments Act ("UDJA") provides that:
>
> A person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a) (West, Westlaw through 2013 3d C.S.). Certain claims brought under the UDJA, such as those alleging that a state official acted without legal or statutory authority, are not barred by immunity because they merely seek to compel state officers to act within their official capacity and do not attempt to subject the State to liability. *See IT–Davy*, 74 S.W.3d at 855. However, the UDJA is not a general waiver of sovereign immunity and generally does not alter a trial court's jurisdiction. *Tex. Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 388 (Tex. 2011). Rather, the UDJA is "merely a procedural device for deciding cases already within a court's

6

jurisdiction." *Id.* (citing *Tex. Ass'n of Bus.*, 852 S.W.2d at 444).

## C.    Analysis

In its motion to dismiss for lack of jurisdiction, DPS argued that (1) Bernoudy has not alleged facts that would support a declaratory judgment action against DPS, and (2) he did not otherwise establish that DPS's immunity had been waived.  We agree.

Bernoudy's amended petition, filed on May 18, 2010, generally sets forth the facts as recited above.  However, the petition does not explicitly allege that the trial court has subject matter jurisdiction with respect to his claims against DPS, nor does it refer to any statute which purports to waive DPS's sovereign immunity, such as the UDJA.[8]

Even if we were to construe Bernoudy's claims as a request for declaratory relief under the UDJA, the facts he has alleged, taken as true, *see Miranda*, 133 S.W.3d at 228, do not establish the trial court's subject matter jurisdiction.  "[T]he UDJA does not waive the state's sovereign immunity when the plaintiff seeks a declaration of his or her rights under a statute or other law." *Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621 (Tex. 2011); *see City of McKinney v. Hank's Rest. Grp., L.P.*, 412 S.W.3d 102, 112 (Tex. App.—Dallas 2013, no pet.); *Boll v. Cameron Appraisal Dist.*, No. 13-11-00750-CV, 2013 WL 4187756, at *2 (Tex. App.—Corpus Christi Aug. 15, 2013, no pet.).  In *Sefzik*, the Texas Supreme Court noted that "the state may be a proper party to a declaratory judgment action that challenges the validity of a statute."  355 S.W.3d at 622.  The Legislature "clear[ly] and unambiguous[ly]" waived immunity for such suits "because the UDJA

---

[8] In its motion to dismiss for lack of jurisdiction, DPS states that Bernoudy "add[ed], in his second supplemental petition, a claim for declaratory relief."  However, no "second supplemental petition" appears in the record before this Court.  Accordingly, we consider Bernoudy's amended petition to be his live pleading.

7

expressly requires joinder of the governmental unit" in those cases. *Id.* at 622 n.3 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 37.006(b) ("In any proceeding that involves the validity of a municipal ordinance or franchise, the municipality must be made a party . . . .")). The plaintiff in *Sefzik*, however, did not challenge the validity of a statute; rather, he challenged the state's actions under it. *See id.* at 622. Therefore, there was no express waiver of immunity with respect to his claim. *See id.* Similarly, to the extent Bernoudy asserts a viable declaratory judgment claim, he is challenging DPS's actions under chapter 62, not the validity of the statute itself. And, while the UDJA does waive immunity for suits alleging that state officials acted without legal or statutory authority, *see IT–Davy*, 74 S.W.3d at 855, Bernoudy makes no such allegations in this case. *Cf. Tex. Dep't of Pub. Safety v. Anonymous Adult Tex. Resident*, 382 S.W.3d 531, 532 (Tex. App.—Austin 2012, no pet.) (affirming trial court's determination that appellee did not have a "reportable conviction" for purposes of sex offender registration).[9]

Moreover, even if Bernoudy's petition did challenge the validity of chapter 62 or allege that a DPS official acted without legal authority, his suit would only be viable against the state official in his or her official capacity, not against the agency itself. *See Sefzik*, 355 S.W.3d at 621 (concluding that "sovereign immunity bars UDJA actions against the state and its political subdivisions absent a legislative waiver"); *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009) (holding that suits alleging *ultra vires* actions by

---

[9] In *DPS v. Anonymous Adult Texas Resident*, the Austin court of appeals did not discuss the jurisdiction issue. *See* 382 S.W.3d 531, 533–39 (Tex. App.—Austin 2012, no pet.). However, the plaintiff in that case, unlike Bernoudy, specifically alleged that DPS had acted contrary to law in determining that he was required to register under chapter 62. *See id.* at 532 (noting that the plaintiff "complied with the registration requirement, but also appealed the DPS's determination to the district court in Travis County"). Here, Bernoudy did not allege that DPS took any action or made any determination with respect to his duty to register as a sex offender.

government officials "cannot be brought against the state, which retains immunity, but must be brought against the state actors in their official capacity").

For the foregoing reasons, we conclude that Bernoudy did not satisfy his initial burden to plead facts affirmatively showing that the trial court has jurisdiction. *See Tex. Ass'n of Bus.*, 852 S.W.2d at 446. We further find, given the fact that no state actors were sued, that the defects in Bernoudy's pleadings are incurable and so he need not be given the opportunity to replead. *See Miranda*, 133 S.W.3d at 227 ("If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend."); *Boll*, 2013 WL 4187756, at *2 (declining to give opportunity to replead because "[a]ppellants did not sue any state officials"). DPS's first issue is sustained.

## III. CONCLUSION

In light of our finding that the trial court lacked subject matter jurisdiction, we do not consider DPS's second issue, arguing that the trial court erred in granting summary judgment to Bernoudy on the merits of his claim. *See* TEX. R. APP. P. 47.1. We reverse the trial court's judgment and render judgment dismissing Bernoudy's suit for lack of jurisdiction.

DORI CONTRERAS GARZA,
Justice

Delivered and filed the
17th day of July, 2014.

9